The STATE of Ohio, Appellant,

v.

SATTERWHITE, Appellee.

[Cite as *State v. Satterwhite* (1997), 123 Ohio App.3d 322.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 16144.

Decided Sept. 5, 1997.

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Karen L. Sollars*, Assistant Prosecuting Attorney, for appellant.

*Suzanne M. Lough Wynn*, Montgomery County Assistant Public Defender, for appellee.

---

BROGAN, Judge.

The present case is the latest in a series contesting the propriety of a minor misdemeanor arrest following an individual's failure to possess proof of his or her identity. In this particular case, the defendant was arrested and charged with possession of cocaine after being stopped for jay walking. Following a plea of not guilty to the cocaine charge, the defendant moved to suppress all evidence seized and all oral statements made in connection with the charge. The trial court granted the defendant's motion to suppress, and the state now appeals, raising the following single assignment of error:

"The trial court erred as a matter of law when it sustained appellee's motion to suppress despite (1) its own finding of fact that Officer Ritchey asked appellee to produce identification and appellee said he could not; and (2) the uncontroverted fact that appellee never produced any evidence to corroborate his verbal representation of his name and social security number."

 Initially, we note that in reviewing a trial court's decision on a motion to suppress, we are guided by the following standard:

"[W]e are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard." *State v. Retherford* (1994), 93 Ohio App.3d 586, 592, 639 N.E.2d 498, 502–503.

After reviewing the record and applying the relevant authorities, we find that the facts of this case meet the requirements for granting a motion to suppress.

We begin by observing that the pertinent facts are not in dispute. Specifically, on June 16, 1996, Dayton Police Officer, Debra Ritchey, was on patrol in the area of 5th and Broadway, which is a mixed residential and commercial area and is also known as the scene of high drug activity. At approximately 3:35 p.m., Ritchey saw the defendant, Roderick Satterwhite, jaywalking, approximately forty feet from the crosswalk. Ritchey and another officer approached Satterwhite, noticed that his hand was clenched, and asked if he had any identification. When Satterwhite said "no," he was placed under arrest. After Satterwhite was handcuffed and placed in the cruiser, he was searched, at which time the police

found five gel caps with a powdered substance in his hand and another gel cap in Satterwhite's right front shirt pocket.

After Satterwhite was placed in the cruiser, the police asked for his name and social security number. Upon using the KDT computer in the police cruiser, the police were able to verify the social security number, name, and physical description of Satterwhite. Although Officer Ritchey could not recall if the physical description matched, she testified that she always compares the physical description with the person giving the identification, and stated that nothing about the encounter indicated that Satterwhite was being untruthful. Additionally, at the time Satterwhite was arrested for jaywalking, he was accompanied by a girlfriend. Officer Ritchey could not recall if the girlfriend was asked Satterwhite's name, but did say that the girlfriend did not have identification for Satterwhite.

■ Based on the above facts, the trial court concluded that the defendant was denied an opportunity to offer satisfactory evidence of his identity because the police made no attempt to ascertain his identity before arresting him and placing him in the cruiser. We agree with this conclusion.

■ As pertinent to this case, R.C. 2935.26(A)(2) provides that law enforcement officers are to issue citations rather than arrest people for minor misdemeanors unless "[t]he offender cannot or will not offer satisfactory evidence of his identity." The Ohio Supreme Court has held that this statute creates "a substantive right of freedom from arrest for one accused of the commission of a minor misdemeanor unless one of the statutory exemptions exists." *State v. Slatter* (1981), 66 Ohio St.2d 452, 458, 20 O.O.3d 383, 387, 423 N.E.2d 100, 104. Furthermore, the state has the burden of demonstrating the existence of the statutory exemption. *State v. Satterwhite* (Jan. 25, 1995), Montgomery App. No. 14699, unreported, 1995 WL 29200.

In a series of cases beginning with *State v. Satterwhite*, we have considered the identification exception set forth in R.C. 2935.26. In *State v. Satterwhite*, we held that "truthful, verbal representations as to identity, without more, do not preclude application * * * of the exception." However, in later cases we distinguished *State v. Satterwhite*, based on the fact that the police in *Satterwhite* did not have a readily available means of verifying the identity of the defendant. For example, in *State v. DiGiorgio* (1996), 117 Ohio App.3d 67, 689 N.E.2d 1018, we affirmed the trial court's decision to grant a motion to suppress where the defendant had given the police his name, address, and social security number and the police were able to confirm the information through the police computer. We specifically distinguished *State v. Satterwhite* as follows:

"It is, of course, the computer verification of the information furnished by DiGiorgio that undercuts the State's reliance on *State v. Satterwhite* * * *. Satterwhite was concerned with 'satisfactory evidence of * * * identity,' which a person must offer to avoid arrest for a minor misdemeanor. R.C. 2935.26(A)(2). In that case, Lea Satterwhite could only offer her truthful representations as to her identity, which the arresting officers were unable to verify with the computer in their cruiser. Noting that the arresting officers did not know that Satterwhite's representations as to her identity were true, we held that those truthful representations, without more, did not satisfy the 'satisfactory evidence * * * of identity' requirement of R.C. 2935.26(A)(2)."

Likewise, in *State v. Hudson* (Jan. 17, 1997), Montgomery App. No. 15757, unreported, 1997 WL 18045, we again affirmed the trial court's grant of a motion to suppress. As in *DiGiorgio*, the defendant had given the police a name and social security number, which were then validated through a computer check. Additionally, the defendant's physical features were fairly close to the physical description on the computer. In *Hudson*, we held that the proper standard to be applied in these types of situations is one of "objective reasonableness in determining what type of proof is satisfactory." In other words, the inquiry should be whether the police officer is objectively reasonable in rejecting the computer information as satisfactory proof of identity when the computer verifies the information that the officer has been given. In *Hudson*, we also stressed that this standard should apply even if the officer had harbored subjective doubts about whether the person in his presence was the same individual as the one verified by the computer check.

In both *DiGiorgio* and *Hudson*, we emphasized:

"While an imposter might, with relative ease, be able to furnish the name and address of the person whose identity he assumes, it is less likely that he will be able to furnish that person's social security number. * * * We believe that possibility to be so remote as to render objectively unreasonable * * * [the officer's] rejection of information from * * *[the defendant] and from the computer check of that information as satisfactory proof."

Finally, in *State v. Terry* (Feb. 28, 1997), Montgomery App. No. 15796, unreported, 1997 WL 82807, we reversed the defendant's conviction and remanded the cause for the taking of further evidence on the issue of the validity of the defendant's misdemeanor arrest. *Terry* was somewhat different than *DiGiorgio* and *Hudson* in that the computer in the arresting officer's cruiser was inoperable. Thus, we remanded so the trial court could hear further evidence as to when a second cruiser with an operational computer arrived at the scene. However, in *Terry*, we did make the following observations, which we feel are pertinent to the present situation:

"We have held that where a person stopped for a minor misdemeanor furnishes the police officer with his name and social security number, and that information is verified by computer, the person has offered satisfactory evidence of his identity. * * * Although we have not required the police to go to extraordinary lengths to verify identification information, * * * police officers cannot avail themselves of the exception to the citation only provision of R.C. 2935.26 by refusing to attempt to verify identification information if the means for doing so are readily available."

In the present case, the fatal problem is that the officers never attempted to verify the defendant's identity before making the arrest, even though they had the means easily available to do so. The computer in Officer Ritchey's cruiser was operable, and when used after the arrest, did, in fact, verify the name, social security number, and physical characteristics of the defendant. While this is enough to warrant granting the motion to suppress, we also note that the defendant's girlfriend was available at the scene and could also have provided a means of corroborating his identity. Again, the officers made no attempt to question her privately to compare her identification with the defendant's statements.

Based on the foregoing analysis, we find the state's assignment of error without merit. Accordingly, the assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

FREDERICK N. YOUNG, P.J., and GRADY, J., concur.