IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

**FILED**

**February 14, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | FOR PUBLICATION |
| | ) | |
| Appellee, | ) | FILED: February 14, 2000 |
| | ) | |
| v. | ) | MAURY COUNTY |
| | ) | |
| AVERY WALKER, | ) | HON. JAMES L. WEATHERFORD, JUDGE |
| | ) | |
| Appellant. | ) | NO. M1996-00046-SC-R11-CD |

For Appellant:                          For Appellee:

JOHN S. COLLEY, III                      PAUL G. SUMMERS
Columbia, TN                             Attorney General and Reporter

                                         MICHAEL E. MOORE
                                         Solicitor General

                                         ELIZABETH B. MARNEY
                                         Assistant Attorney General
                                         Nashville, TN

                                         T. MICHAEL BOTTOMS
                                         District Attorney General

                                         J. LEE BAILEY, III
                                         Assistant District Attorney
                                         Columbia, TN

OPINION

JUDGMENT OF THE COURT OF CRIMINAL APPEALS IS REVERSED;
JUDGMENT OF THE TRIAL COURT IS REINSTATED.                    BIRCH, J.

I.  INTRODUCTION

The statute pertinent here provides that an officer who observes the commission of certain misdemeanors must cite and release the misdemeanant rather than effecting a custodial arrest.[1] There are, however, exceptions to this statute.  The exception relevant here authorizes an officer to effect a custodial arrest of a misdemeanant when that person "cannot or will not offer satisfactory evidence of identification . . . ."[2]

We accepted review to clarify the "identification exception" to our "cite and release" statute.  To clarify this exception, we must determine whether the police officer in the case at bar was justified in concluding that the identification[3] evidence offered by the misdemeanant was unsatisfactory under Tenn. Code Ann. § 40-7-118(c)(3).

After carefully considering the entire record as well as the purpose of the "cite and release" statute, we conclude that an objective standard of reasonableness should be used to determine whether evidence of identification offered to an officer by a

---

[1]Tenn. Code Ann. § 40-7-118 (1997).  The pertinent part of this statute reads that "[a] peace officer who has arrested a person for the commission of a misdemeanor committed in such peace officer's presence . . . shall issue a citation to such arrested person to appear in court in lieu of the continued custody and taking of the arrested person before a magistrate."  Tenn. Code Ann. § 40-7-118(b)(1).  For purposes of clarity in this opinion, we use "custodial arrest" to refer to the act of taking the defendant into custody, thereby avoiding the use of the term "arrest" as a stand-alone term.

[2]Tenn. Code Ann. § 40-7-118(c)(3)(Supp. 1999)("No citation shall be issued under the provisions of this section if . . . [t]he person arrested cannot or will not offer satisfactory evidence of identification, including the providing of a field-administered fingerprint or thumbprint which a peace officer may require to be affixed to any citation . . . .").

[3]Throughout the testimony, argument of counsel, and the opinion of the Court of Criminal Appeals, the words "driver's license" and "identification" are used interchangeably.  We will attempt to be specific.

misdemeanant is satisfactory evidence of identification within the meaning of the statute. Under this standard, we find that the evidence of identification offered by Avery Walker, the defendant, constituted satisfactory proof of identification and that the officer should not have effected a custodial arrest. For the reasons expressed herein, the custodial arrest and the search incident to it violated the Fourth Amendment of the United States Constitution and Article I, § 7 of the Tennessee Constitution. Therefore, the evidence seized as a result of the search must be suppressed. Accordingly, we reverse the judgment of the Court of Criminal Appeals and reinstate the judgment of the trial court.

II. BACKGROUND

A.      Facts

On March 29, 1994, Avery Walker drove his girlfriend's car to a convenience market to purchase a soft drink. The volume of the car radio was noticeably high. Bill Gault, a police officer for the City of Columbia, heard the radio as Walker pulled up and parked. As Walker entered the market, Gault approached him. Gault said "something" to Walker about the radio being too loud, but Walker did not understand him. When Walker returned to his car, Gault was standing beside it. Gault then began to interrogate Walker.

Gault told Walker that he was in violation of a City of Columbia noise ordinance and that a citation would be issued.[4] Gault then asked Walker who owned the car. He also asked for

_____

[4] A "citation" is defined as "a written order issued by a peace officer requiring a person accused of violating the law to appear in a designated court or governmental office at a specified date and time. Such order shall require the signature of the person to whom it is issued. . . ." Tenn. Code Ann. § 40-7-118(a)(1) (1997).

3

Walker's driver's license and vehicle registration. Walker told Gault that he did not have the vehicle registration and that the car belonged to his girlfriend. Also, he stated that he had left his wallet containing his driver's license at his mother's home, about two blocks away.

Walker then gave Gault his name, date of birth, and driver's license number. Additionally, he offered to go home and get his license. Walker also suggested that Gault follow him to his mother's house so that he could get his license. Neither of these options were acceptable to Gault. Gault did, however, speak with a police dispatcher about the information Walker had given him. The dispatcher validated the information furnished by Walker and informed Gault that the license bearing the number Walker had given was a valid license.

Although the dispatcher had verified Walker's information, Gault decided to take him into custody for violating the noise ordinance. Gault searched Walker. As a result of this search, Gault found marijuana and a substance containing cocaine. Gault testified that he would have given Walker a citation and released him but Walker did not have his driver's license or other identification with him.

B.      Procedural History

1. Suppression Hearing

Walker moved to suppress the evidence obtained as a result of the search. He asserted that Gault should have issued him a citation in lieu of custodial arrest, a procedure authorized by Tenn. Code Ann. § 40-7-118(b)(1). Asserting that a custodial arrest was not warranted, Walker insists that the search was

4

unconstitutional. Following an evidentiary hearing in which Gault and Walker testified, the trial court granted the motion and ordered the evidence suppressed. The order did not, however, include essential findings as required by Tenn. R. Crim. P. 12(e).

On direct review, the Court of Criminal Appeals concluded that Walker had failed to provide the officer with satisfactory evidence of identification. Thus, the court held both the custodial arrest and the subsequent search constitutional.

2. Contentions on Appeal

On appeal to this Court, Walker contends that the search and seizure of evidence violated Tenn. Code Ann. § 40-7-118. Therefore, Walker insists that his custodial arrest and the subsequent search of his person were unconstitutional and the evidence seized as a result of the search should be suppressed. The basis of this contention lies in Walker's assertion that he did, in fact, offer Gault satisfactory evidence of identification as required by Tenn. Code Ann. § 40-7-118.

On the other hand, the State urges that the evidence of identification offered by Walker was not satisfactory because of Walker's inability to demonstrate that he was the same person to whom Tennessee license number 65952203 belonged. Thus, the State urges the legality of the custodial arrest and the constitutionality of the subsequent search.

III. STANDARD OF REVIEW

This case terminated with the trial court's order suppressing evidence obtained when Walker was searched. Although the order was entered without findings of fact, the facts are

5

uncontroverted.[5]  As such, we review only questions of law.  These questions are reviewed <u>de novo</u>.  <u>See</u> <u>State v. Crutcher</u>, 989 S.W.2d 295, 299 (Tenn. 1999); <u>State v. Yeargan</u>, 958 S.W.2d 626, 629 (Tenn. 1997).

IV.  DISCUSSION

A.       The "Cite and Release" Statute; Tennessee Code Annotated
         § 40-7-118

An officer who observes an individual committing a public offense or a breach of the peace may, without a warrant, arrest the individual.  Tenn. Code Ann. § 40-7-103(a)(1) (Supp. 1999).  Under Tenn. Code Ann. § 40-7-118(b)(1), however, when an officer[6] observes the commission of certain misdemeanors, the officer is required to cite and release the misdemeanant in lieu of effecting a custodial arrest.[7]  Accordingly, the Tennessee "cite and release"

_____

[5]Gault testified that he had little personal recollection of Walker and did not recall checking any information with the dispatcher.  The dispatcher's testimony and the records from the City of Columbia police dispatcher reflect that Gault did check the license number and information Walker claims to have given.  Moreover, Walker testified that this information was verified.  The State offered no evidence to refute Walker's testimony.  Additionally, we recognize that the trial court determined the credibility of the witnesses, weighed the evidence, and concluded that the State had failed to meet its burden of demonstrating that the identification evidence offered by Walker was unsatisfactory.  This conclusion is entitled to great deference so long as it is consistent with our conclusions based on applicable law.  <u>See</u> <u>Crutcher</u>, 989 S.W.2d at 299 (citation omitted).  Additionally, the trial court's conclusions suggest that although the trial court entered its order without findings of fact, the court fully accredited Walker's testimony.

[6]Tennessee Code Annotated § 40-7-118 uses the term "peace officer."  A peace officer is "an officer, employee or agent of government who has a duty imposed by law to: (i) Maintain public order; (ii) Make arrests for offenses, whether that duty extends to all offenses or is limited to specific offenses; and (iii) Investigate the commission or suspected commission of offenses[.] . . . Peace officer also includes an officer, employee or agent of government who has the duty or responsibility to enforce laws and regulations pertaining to forests in this state."  Tenn. Code Ann. § 40-7-118(a)(3)(A) & (B) (1997).  For the purpose of this opinion the term "officer" is used synonymously with "peace officer."

[7]Under Tenn. Code Ann. § 40-7-118 there are two types of arrests at issue.  The first type of arrest is the brief seizure

statute creates a presumptive right to be cited and released for the commission of a misdemeanor.  See State v. Slatter, 423 N.E.2d 100, 104 (Ohio 1981) (considering an Ohio "cite and release" statute virtually identical to our own, the Ohio court held that the Ohio statute "create[s] a substantive right of freedom from arrest for one accused of the commission of a minor misdemeanor unless one of the statutory exemptions exists.").

There are, however, eight exceptions to the "cite and release" statute that require an officer to disregard the "cite and release" procedure and effect a custodial arrest.  See Tenn. Code Ann. § 40-7-118(c) (1997).  The exception here pertinent requires the custodial arrest of a misdemeanant who "cannot or will not offer satisfactory evidence of identification . . . ." Tenn. Code Ann. § 40-7-118(c)(3) (1997).  Thus, this Court is presented with a difficult issue of first impression:  What is the standard for determining what constitutes "satisfactory evidence of identification" under Tenn. Code Ann. § 40-7-118(c)(3)?

B.        The Standard for Determining Satisfactory Evidence of Identification in Tennessee

1. Case Law of Ohio

Although this Court is presented with an issue of first impression, courts of other jurisdictions with similar statutes have found it necessary to craft a standard by which to determine what constitutes "satisfactory evidence of identification."

and detention of an individual while the officer issues a citation. See Tenn. Code Ann. § 40-7-118(b)(1) (1997); see also People v. Bland, 884 P.2d 312, 316 n.6 (Colo. 1994); People v. Superior Court of Los Angeles County, 496 P.2d 1205, 1215 (Cal. 1972).  The second type of arrest is described as "continued custody" of an already arrested individual.  Tenn. Code Ann. § 40-7-118(b)(1) (1997). This continued custody of a person already arrested (subjected to a brief seizure and detention) is a custodial arrest.  See id.; see also State v. Chearis, 995 S.W.2d 641, 643-44 (Tenn. Crim. App. 1999).

Although not as persuasive as an opinion from the Ohio Supreme Court would have been, the standard enunciated by the Ohio Court of Appeals offers compelling guidance.

In State v. Satterwhite, the Ohio Court of Appeals considered the identification exception to Ohio's "cite and release" statute.[8] 704 N.E.2d 259 (Ohio Ct. App. 1997). In Satterwhite, a police officer stopped the defendant for jaywalking. Id. at 260. The defendant was asked if he had any identification, and he answered "no." Id. He was arrested, placed in a police vehicle, and searched. Id. The defendant was then asked for his name and social security number, both of which he gave. Id. The officer verified the defendant's name, social security number, and physical description using a computer in the vehicle. Id. The trial court found that the defendant had been denied an opportunity to offer satisfactory evidence of his identity because the officer had not attempted to ascertain his identity before placing him in the vehicle. Id. The Court of Appeals agreed, reasoning that an objective standard of reasonableness should be used when determining what evidence of identification is satisfactory. Id. at 261. As posited by the Satterwhite Court, "the inquiry should be whether the police officer is objectively reasonable in rejecting the computer information as satisfactory proof of identity when the computer verifies the information that the officer has been given." Id.[9]

---

[8]Ohio's "cite and release" statute and identification exception is substantially similar to our own and is found at Ohio Rev. Code Ann. § 2935.26.

[9]In evaluating a different statute with similar language, Ohio courts have applied the same objective test. For example, in State v. DiGiorgio the Ohio Court of Appeals considered what constituted satisfactory evidence or proof under Ohio Rev. Code Ann. § 4507.35. 689 N.E.2d 1018 (Ohio Ct. App. 1996). The court reasoned that "courts must apply a standard of objective reasonableness in determining what type of proof is satisfactory." Id. at 1020.

## 2. Adopting an Objective Test

Adopting the <u>Satterwhite</u> rationale, we hold that under Tenn. Code Ann. § 40-7-118(c)(3), it is the State's burden to prove[10] that it was objectively reasonable for the officer to reject a misdemeanant's proffered identification evidence. By objectively reasonable, we mean that in rejecting the evidence, the officer should have a "specific articulable reason to doubt that the cited person has accurately identified himself [or herself] before taking him [or her] into custody." <u>People v. Monroe</u>, 16 Cal. Rptr. 2d 267, 286 (Cal. Ct. App. 1993) (Smith, J., dissenting).[11]

## C.      The Purpose of the Tennessee "Cite and Release" Statute

The objective standard adopted by this Court is supported by the purpose of the "cite and release" statute and its identification exception. When an officer observes the commission of certain misdemeanors, the officer is required to issue a citation in lieu of custodial arrest. Tenn. Code Ann. § 40-7-118(b)(1) (1997). The misdemeanant must sign the citation,

---

[10]It is the prosecution's burden to prove that the rejection of identification was objectively reasonable. <u>See</u> Tenn. Code Ann. § 40-7-118(j) (1997)("Whenever an officer makes a physical arrest for a misdemeanor and the officer determines that a citation cannot be issued because of one (1) of the eight (8) reasons enumerated in subsection (c), the officer shall note the reason for not issuing a citation on the arrest ticket."); <u>see also</u> <u>Satterwhite</u>, 704 N.E.2d at 260 (citing <u>State v. Satterwhite</u>, No. 14699, 1995 WL 29200, at *2 (Ohio Ct. App. Jan. 25, 1995) ("[T]he state has the burden of demonstrating the existence of the statutory exemption.")).

[11]<u>But see</u> <u>Monroe</u>, 16 Cal. Rptr. 2d 267 (where a majority of the California Court of Appeals reasoned that satisfactory evidence under Cal. Veh. Code § 40302 was either a driver's license or the functional equivalent (documentation bearing a photograph and description of the individual, his or her signature, and current mailing address) and if neither form of identification is presented it is left to the discretion of the officer to determine if the identification presented is satisfactory). <u>Monroe</u> was subsequently criticized by the California Court of Appeals in <u>People v. Nava</u>. The <u>Nava</u> court determined that oral verification of identification could satisfy the satisfactory evidence requirement. 22 Cal. Rptr. 2d 600, 610-11 (Cal. Ct. App. 1993).

requiring him or her to appear in court on a specified day and time.  Tenn. Code Ann. § 40-7-118(a)(1) (1997).  The result is that individuals who have committed relatively minor offenses are released, but only on the "promise" that they will appear in court. This permits "allowing the use of jail space for dangerous individuals and/or felons. . . ." Tenn. Code Ann. § 40-7-118(m)(3) (1997).

In essence, Tennessee's "cite and release" statute works on an "honor system," operating under the assumption that the misdemeanant will act in good faith by furnishing accurate identification so that an officer can be assured that the misdemeanant is actually the person he or she claims to be.  See Tenn. Code Ann. § 40-7-118(c)(3) & (b)(1) (1997); see also Superior Court of Los Angeles County, 496 P.2d at 1216; Monroe, 16 Cal. Rptr. 2d at 284-85 (Smith, J., dissenting)(finding that California's "cite and release" statute works on an "honor system").[12]  The exception empowers an officer to effect a custodial arrest only when the identity of a misdemeanant is in doubt, but not solely because a misdemeanant is not carrying approved "government papers."  See Satterwhite, 1995 WL 29200, at *1.  To this end, an officer's discretion is limited.  An officer may not make unreasonable or arbitrary determinations as to what constitutes satisfactory evidence of identification.  See Monroe,16 Cal. Rptr. 2d at 286 (Smith, J., dissenting).

D.          The State's Contention:  Reliable Corroboration of an Individual's Physical Identity

The State takes issue with the Court of Criminal Appeals's finding that a misdemeanant is required to provide some

---

[12]California's "cite and release" statute is similar in many respects to our own "cite and release" statute and is found in various subsections of Cal. Penal Code and Cal. Veh. Code § 835 and at § 40302.

form of photographic evidence under Tenn. Code Ann. § 40-7-118(c)(3) and insists that this Court adopt an objective standard. However, the State contends that "when no tangible proof is available, an individual should be required to establish his or her identity by reasonably reliable corroboration of the individual's physical characteristics in addition to verbal information."

Under the State's contention, it is difficult to conceive of a case where a misdemeanant could establish his or her identity by corroboration of his or her physical characteristics without some form of photographic proof.  Essentially, therefore, the State would require misdemeanants to present another form of photographic evidence to meet the "satisfactory evidence" requirement.  We reject the notion that, in all cases, an officer's rejection of evidence of identification will be objectively reasonable if the misdemeanant did not offer additional proof of physical characteristics.

It is not unusual for one to forget to carry one's driver's license or other document describing physical characteristics.  As the California Supreme Court noted:

> [a common] explanation for a motorist's failure to have his [or her] license with him [or her] is the most obvious, i.e., that he [or she] inadvertently left it in a different suit of clothing . . . Such occasional forgetfulness is a fact of human nature, no doubt reinforced by the pressures and demands of modern life.  Indeed, we daresay that at one time or another virtually every motorist has suffered the minor embarrassment of leaving his [or her] license at home.

Superior Court of Los Angeles County, 496 P.2d at 1211-12.  Because it is common for individuals to forget their license or other evidence of physical characteristics, "[o]ral evidence as an

11

alternative means of identification necessarily forms an integral part of the honor system" in our "cite and release" statute. Monroe, 16 Cal. Rptr. 2d at 285 (Smith, J., dissenting); see also Nava, 22 Cal. Rptr. 2d at 610-11 (finding that verbal identification can constitute satisfactory evidence of identification under California's "cite and release" provisions).

In this age of computers, officers have a variety of reliable methods at their disposal by which to verify the identity of a misdemeanant who cannot display a driver's license or other proof of his or her physical characteristics. Monroe, 16 Cal. Rptr. 2d at 285 (Smith, J., dissenting). For example, a misdemeanant may still be able to provide an officer with a full name, address, date of birth, and, possibly, a driver's license number. An officer may relay this information to a dispatcher and, in a matter of minutes, determine if the record on file matches the description of the misdemeanant. See id.

If the information given by the misdemeanant does not match the address, birth date, or driver's license number, the officer's decision to reject such data as satisfactory evidence of identification may indeed be objectively reasonable. Moreover, if the information given does match the record, but there is some other objective reason for questioning the accuracy of the misdemeanant's identification, an officer's decision to reject the evidence may also be deemed proper. Additionally, an officer may test a misdemeanant on the information he or she gives concerning residence, telephone number, social security number, and/or place of employment. See id.

This is not to say, however, that photographic proof or additional evidence of a misdemeanant's physical characteristics will never be necessary. In some cases corroboration of an

12

individual's identity beyond oral representations may be necessary. Nonetheless, an officer's decision to reject a misdemeanant's oral representations is evaluated under an objective standard, and an officer must make all reasonable efforts to verify a misdemeanant's identity. Accordingly, the determination of whether verbal representations supply satisfactory evidence of identity must be made on a case-by-case basis.

E.        The "Cite and Release" Statute and the Fourth Amendment

A warrantless search is presumed unreasonable and thus violates the Fourth Amendment to the United States Constitution and Article I, Section 7 of the Tennessee Constitution. See Coolidge v. New Hampshire, 403 U.S. 443, 454-55, 91 S. Ct. 2022, 2032, 29 L. Ed. 2d 564, 576 (1971); see also Yeargan, 958 S.W.2d at 629. An exception to the warrant requirement is a search incident to a lawful custodial arrest. When an officer places an individual under lawful custodial arrest, an officer is permitted to make a warrantless search incident to the custodial arrest. See United States v. Robinson, 414 U.S. 218, 235, 94 S. Ct. 467, 477, 38 L. Ed. 2d 427, 440-41 (1973); see also Crutcher, 989 S.W.2d at 300. If an individual is unlawfully placed under custodial arrest, a subsequent search is also unlawful and evidence seized as a result of the unlawful search is suppressed and not admissible in the prosecution's case in chief. See Wong Sun v. United States, 371 U.S. 471, 484-85, 83 S. Ct. 407, 416, 9 L. Ed. 2d 441, 453-54 (1963); see also State v. Clark, 844 S.W.2d 597, 600 (Tenn. 1992); Tenn. R. Crim. P. 41(f).

As discussed, an officer is to issue a citation in lieu of custodial arrest unless the misdemeanant is unable to offer satisfactory evidence of his or her identification, in which case the officer must place the misdemeanant under full custodial

13

arrest.  Tenn. Code Ann. § 40-7-118(b)(1) & (c)(3) (1997).  An officer makes a lawful custodial arrest, under Tenn. Code Ann. § 40-7-118(c)(3), when it is objectively reasonable to reject the evidence offered as proof of identification.  In such cases a warrantless search incident to the custodial arrest is permitted.  If, however, an officer's rejection of the evidence is objectively unreasonable, the custodial arrest and subsequent search are unlawful, and evidence gained as a result of the search must be suppressed.

F.      The Case at Bar

In the case at bar, the State has failed to show an objective reason for Gault to reject the evidence offered by Walker as proof of his identification.  Though Walker did not have his driver's license with him, he gave Gault his name, driver's license number, and birth date.  Gault verified this information with the dispatcher.  Gault also verified the information Walker gave about the owner of the car and checked the car's license plate number. The State presented no evidence of an objective reason to doubt the reliability of this information.  Moreover, the trial court, which is in the best position to consider the evidence concerning Walker's identity, concluded that Gault had no objective grounds for questioning Walker's identity.  Therefore, under Tenn. Code Ann. § 40-7-118(c)(3), Gault wrongly placed Walker under custodial arrest.  Because the custodial arrest was unlawful, the search incident to the arrest was also unlawful, and the seized evidence must be suppressed.

V.   CONCLUSION

Today we adopt an objective standard for determining what constitutes satisfactory evidence of identification under Tenn.

14

Code Ann. § 40-7-118(c)(3). Applying this objective standard to the case at bar, we find that Gault's rejection of the evidence offered to him as proof of Walker's identity was objectively unreasonable. Therefore, both the custodial arrest of Walker and the subsequent search were unconstitutional, and the evidence seized must be suppressed. Accordingly, and for the aforementioned reasons, the decision of the Court of Criminal Appeals is reversed, and the judgment of the trial court is reinstated.

Costs of this appeal are taxed to the State of Tennessee.

_____
ADOLPHO A. BIRCH, JR., Justice

CONCUR:

Anderson, C.J.
Drowota, Holder, Barker, JJ.

15