OPINION
This is an appeal by the State from a decision of the trial court granting Defendant's motion to suppress evidence., Defendant was charged by complaint in Kettering Municipal Court with possession of marijuana, R.C. 2925.11, and possession of drug paraphernalia, R.C. 2925.14. Prior to trial Defendant filed a motion to suppress the drugs recovered from his person and a drug pipe recovered from his vehicle by police. The trial court sustained Defendant's motion to suppress, concluding that police lacked the reasonable suspicion of criminal activity necessary to justify their investigative stop of Defendant.
Pursuant to R.C. 2945.67 and Crim.R. 12(J), the State has timely appealed from the trial court's decision suppressing evidence in this case.
 FIRST ASSIGNMENT OF ERROR THE DECISION OF THE TRIAL COURT SHOULD BE OVERTURNED BECAUSE THE INITIAL INTERACTION BETWEEN THE APPELLEE AND DEPUTY STATZER WAS A CONSENSUAL ENCOUNTER.
 The facts adduced at the suppression hearing, as found by the trialcourt, are as follows:
 On April 19, 2000, at approximately 9:24 p.m., the deputy observed an occupied Ford Explorer parked behind the Washington Township Recreation Center. Upon illuminating the vehicle with his spotlight, the vehicle began to move forward, and in doing so traveled over a wood parking block and into a gravel/grassy area.
 The deputy stopped the vehicle, which contained the Defendant operator and three other males. The deputy requested and received identification in the form of picture ID's from all except the Defendant. While waiting for the individuals to produce identification, the deputy detected the odor of burnt marijuana emanating from the interior of the vehicle. The deputy had the Defendant exit the vehicle and brought him in his cruiser, where he patted the Defendant down as a safety precaution. During the pat down, the deputy detected a bulge in the Defendant's waistband, which he described as "mushy to the touch", and "making a crinkling sound". His experiences as an officer indicated the bulge was contraband, probably drugs. He inquired if the Defendant had drugs in his pants, to which the Defendant responded "yes". The Defendant, at the request of the deputy, retrieved a packet of marijuana.
 The deputy placed the Defendant in his cruiser. The deputy and a back up officer searched the Explorer and found a warm pipe with suspected drug residue in the bowl. The Defendant subsequently was questioned by the deputy, and admitted ownership of the pipe.
 Upon cross-examination, the deputy stated he thought the Center may have been open, that the vehicle was properly parked in an unrestricted area, and that he had not received any report of criminal or suspicious activity in that area.
 The deputy stopped the vehicle because it was in a very dark area not traveled at that time of evening; and because it started moving without lights on being spotlighted, then illuminated the headlights on contacting the wooden parking blocks.
 The Defendant, lacking identification, gave the deputy his name and social security number. The deputy acknowledged he was checking the Defendant for possession of a weapon when he encountered the contraband, which he knew was not a weapon.
 The deputies conducted a search of the vehicle because the smell of burnt marijuana emanating from the passenger compartment indicated criminal activity therein.
 Both the Defendant and another passenger were arrested and taken to the Sheriff's substation to complete the investigation, and because the deputy felt both had smoked the marijuana and it would be unsafe to release either. Relatives were summoned to pick up the individuals.
 At the substation, the Defendant claimed ownership of the pipe. His comment was not the result of interrogation. The Defendant was issued citations for possession of drug paraphernalia and possession of marijuana.
 In ruling on a motion to suppress evidence, the trial court acts as thetrier of facts and determines the credibility of the witnesses and theweight to be given to their testimony. State v. Fanning (1982),1 Ohio St.3d 19, State v. Satterwhite (1997), 123 Ohio App.3d 322. Theappellate court must accept the trial court's findings of fact whenreviewing a trial court's decision on a motion to suppress, if they aresupported by competent, credible evidence in the record. Accepting astrue the facts found by the trial court, the appellate court mustindependently determine as a matter of law, without deference to thetrial court's legal conclusions, whether those facts meet the applicablelegal standard. Satterwhite, supra.
 The State argues that the trial court erred when it granted Defendant'smotion to suppress because the encounter that revealed the facts whichled the deputy to suspect that marijuana was being consumed in thevehicle was not a search and seizure for Fourth Amendment purposes butwas, instead, a mere "consensual encounter" to which the Fourth Amendmentdoes not apply.
 The notion of consent necessarily implies some agreement oracquiescence on the part of a person whose rights or privileges aresubject to some form of limitation. Defendant had not agreed to thedeputy's decision to approach his vehicle as he did. The State'sargument is more properly characterized as a claim that no search orseizure had then occurred because the deputy had not `restrained the(Defendant's) liberty, by physical force or a display of authority, insuch a way that a reasonable person would not feel free to walk away."United States v. Mendenhall (1980), 446 U.S. 544, 554. Whether thoserequirements are satisfied is determined objectively, from all the factsand circumstances involved. Florida v. Bostick (1991), 501 U.S. 429.
 The State points out that Deputy Statzer was the only officer on thescene, that he made no particular show of force, that he didn'tphysically restrain the Defendant until he smelled marijuana, and that theencounter occurred in a public place. These factors have been viewed assignificant in some cases. The trial court necessarily rejected themhere as controlling, having found that the purpose of the encounter wasinvestigative, thus triggering the requirements of the Fourth Amendment.
 The evidence adduced at the suppression hearing supports the trialcourt's finding that Deputy Statzer's purpose was to stop Defendant'svehicle to investigate his suspicions of illegal activity. DeputyStatzer, the only witness presented at the hearing, testified:
 Q. All right. Why did you, why did you activate your lights and formalize the stop?
 A. The vehicle was parked in a very darkened area which is, in my experience, not traveled at that time in the evening. The vehicle upon being spotlighted by myself, the vehicle quickly started, drove forward without any lights, and as it went over the top of the parking area, the parking center island, the vehicle then turned on its lights. Those, those actions brought suspicion.
 Q. Of what?
 A. Well, suspicion of possible illegal activity being conducted in that area.
(T. of Hearing at p. 12).
 The trial court's conclusion is further bolstered by the fact that whenhe first encountered Defendant and the other occupants of the vehicleDeputy Statzer requested proof of their identities. Had he beenattempting to aid them in their distress, that wouldn't have beenrequired. It plainly indicates an investigative purpose. Furthermore, onthe Mendenhall standards, it constitutes a show of authority whichcreated a restraint of the Defendant's liberty in such a way that areasonable person in Defendant's position would not have felt free toinstead merely drive away. Id.
The trial court correctly found that the encounter between the Defendant and Deputy Statzer was a search subject to Fourth Amendment requirements. The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT'S DECISION SHOULD BE REVERSED BECAUSE DEPUTY STATZER POSSESSED A REASONABLE SUSPICION TO JUSTIFY CONDUCTING A BRIEF INVESTIGATORY STOP OF THE APPELLEE.
Warrantless searches are per se unreasonable under the Fourth Amendment, subject to only a few well recognized exceptions. Katz v.United States (1967), 389 U.S. 347. In this case the search and seizurebeing challenged by Defendant was conducted without a warrant. Thus, itbecomes the State's burden to demonstrate that this search/seizure wasjustified under one of the recognized exceptions to the FourthAmendment's warrant requirement. City of Athens v. Wolf (1974),38 Ohio St.2d 237; City of Xenia v. Wallace (1988), 37 Ohio St.3d 216.
The investigative stop sanctioned in Terry v. Ohio (1968), 392 U.S. 1,is one of the well recognized exceptions to the Fourth Amendment'swarrant requirement. Under that doctrine, a police officer may stop andbriefly detain an individual in order to investigate possible criminalbehavior, if the officer is able to point to specific and articulablefacts which, taken together with the rational inferences from thosefacts, give rise to a reasonable suspicion that criminal activity isoccurring or is about to occur. Id. Whether reasonable suspicion existsis measured by an objective standard: would the facts available to theofficer at the moment of seizure or search warrant an officer ofreasonable caution in the belief that the action taken was appropriate.State v. Bobo (1988), 37 Ohio St.3d 177. An unparticularized suspicionor mere hunch is not sufficient to constitute reasonable suspicion.Terry, supra.
 Deputy Statzer was unable to articulate any specific, particular typeof offense he suspected was afoot at the time he stopped Defendant.Statzer testified that the vehicle was parked in a dark parking lot notnormally used by the public at that time of night. The vehicle beganmoving forward without its lights on when spotlighted by Deputy Statzer,and then its headlights were turned on when it came in contact with thewooden parking divider. These facts gave rise to "suspicion of possibleillegal activity." This, however, is nothing more than anunparticularized suspicion or hunch.
 The evidence adduced at the suppression hearing reveals that theRecreation Center may have been open at the time; that parking is notprohibited or restricted in the area where Defendant's vehicle wasparked; that Deputy Statzer had no reports of any crime in that area atthat time; that Statzer did not observe the occupants of the vehicle doanything illegal; and, that Defendant did not violate any traffic laws bymoving the vehicle forward in the parking lot without its headlights on.
 The trial court concluded that the investigative stop conducted byDeputy Statzer in this case was not supported by specific, articulablefacts giving rise to reasonable suspicion that criminal activity wasafoot, and hence was illegal. The facts as found by the trial court,which are supported by competent, credible evidence in this record,supports the trial court's legal conclusion. The evidence seized fromDefendant's person and his vehicle are fruits of the illegalinvestigatory stop, and must be suppressed. Wong Sun v. United States(1963), 371 U.S. 471.
 The second assignment of error is overruled. The judgment of the trialcourt will be affirmed.
 WOLFF, P.J. concurs.
 FAIN, J., concurs in the judgment, only.