**The STATE of Ohio, Appellee,**

v.

**ANDERSON, Appellant.**

[Cite as *State v. Anderson*, 153 Ohio App.3d 374, 2003-Ohio-3970.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–020508.

Decided July 25, 2003.

Michael K. Allen, Hamilton County Prosecuting Attorney, and Judith Anton Lapp, Assistant Prosecuting Attorney, for appellee.

Elizabeth E. Agar, for appellant.

Per Curiam.

{¶ 1} Defendant-appellant David G. Anderson appeals from his conviction following a jury trial for operating a bicycle while intoxicated in violation of R.C. 4511.19(A)(1). Anderson raises four assignments of error for our review. Because we find merit in his first assignment of error, we reverse and remand.

## I. FACTS

{¶ 2} At the suppression hearing, Wyoming police officer Jeff Banker testified that on November 10, 2001, at approximately 11:00 p.m., he received a radio dispatch concerning a bicyclist possibly struck by a vehicle. Officer Banker responded to the 1100 block of Burns Avenue, where he found Anderson lying on his side in the middle of the street, straddling a bicycle. An unidentified witness, who was standing over Anderson, told Officer Banker that he did not see what had happened. When Officer Banker questioned Anderson, he was polite and cooperative. Anderson denied being hit by a car and indicated that he had fallen from his bicycle. Anderson told Officer Banker that he was on his way to his home, which was located about one and a half miles from the scene.

{¶ 3} Officer Banker noted that Anderson appeared to be under the influence of alcohol. Officer Banker observed that Anderson's clothes were disheveled, his eyes were watery and bloodshot, his speech was slurred, he smelled of alcohol, and he was unsteady on his feet. Officer Banker also observed a small lump on Anderson's forehead and immediately called for medical assistance. When the paramedics arrived, they performed a preliminary assessment of Anderson's injuries. Anderson received the medical treatment that they offered. Anderson, however, refused to be taken to the hospital for further observation.

{¶ 4} After Anderson refused further medical treatment, Officer Banker testified that he arrested Anderson for a minor-misdemeanor safety-equipment offense and for "suspicion of operating his [bicycle] while under the influence of alcohol." Officer Banker had observed that Anderson's bicycle did not have a front headlight and that it had a nonfunctional rear light. Officer Banker testified that he believed Anderson's refusal of medical treatment and his inability to provide for his own safety gave him the authority under R.C. 2935.26(A) to physically arrest Anderson for the safety-equipment offense, and that he had used that to his "benefit" to do a more extensive investigation at the police station, including administering sobriety tests, to "see if [he] had an opportunity to charge him [Anderson] with DUI."

{¶ 5} Officer Banker told Anderson that he was under arrest, handcuffed him, and drove him to the police station. Once there, Officer Banker administered three sobriety tests: the horizontal gaze nystagmus test, the one-leg stand, and

the walk-and-turn test. Officer Banker testified that Anderson's performance on these tests, when combined with his observations, led him to conclude that Anderson was under the influence of alcohol to such an extent that his ability to operate his bicycle had been appreciably impaired. So Officer Banker advised Anderson that he was under arrest for operating his bicycle while under the influence of alcohol ("DUI").

{¶ 6} Officer Banker then asked Anderson to take a breathalyzer test. Anderson refused to take the test and refused to sign an administrative-license-suspension notice, which explained the consequences of his refusal. Officer Banker then advised Anderson of his *Miranda* rights, cited Anderson for the minor misdemeanor safety-equipment offense and the DUI, and released him. At the suppression hearing, Anderson presented an emergency-room report from the following morning, which stated that he had sustained a concussion and a broken collarbone.

{¶ 7} The trial court suppressed the results of the horizontal gaze nystagmus test but denied the motion as to the remaining evidence. A jury subsequently found Anderson guilty of DUI. The trial court sentenced Anderson to a term of 180 days in prison, with 177 suspended, the balance to be served in the DIP program, a fine of $250 and courts costs, one-year probation and a six-month license suspension. The trial court then found Anderson guilty of the minor misdemeanor offense but imposed no fine and remitted costs.

## II. ANALYSIS

{¶ 8} In his first assignment, Anderson argues that the trial court erred in overruling his motion to suppress evidence obtained as a result of his improper arrest for a minor misdemeanor under R.C. 2935.26(A). We agree.

{¶ 9} R.C. 2935.26(A) provides that a police officer may not arrest a person for a minor misdemeanor and should instead issue a citation, unless a statutory exception applies. R.C. 2935.26(A)(1) permits a police officer to arrest a person on misdemeanor charges when the person "requires medical care or is unable to provide for his own safety." The Supreme Court of Ohio has held that "[a]bsent one or more of the [statutory] exceptions specified in R.C. 2935.26, a full custodial arrest for a minor misdemeanor offense violates the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution, and evidence obtained incident to such an arrest is subject to suppression in accordance with the exclusionary rule."[1] "Furthermore, the state has the burden of demonstrating the existence of the statutory [exception]."[2] The state fails to

---

1. *State v. Jones* (2000), 88 Ohio St.3d 430, 727 N.E.2d 886, syllabus.

2. *State v. Satterwhite* (1997), 123 Ohio App.3d 322, 324, 704 N.E.2d 259.

satisfy its burden under R.C. 2935.26(A) when police officers, in their quest to charge the defendant with a more serious offense, artificially create the conditions for an arrest.[3]

{¶ 10} In this case, Anderson was cited for having an improper signal device on a bicycle in violation of R.C. 4511.56, which is a minor misdemeanor. Thus, under R.C. 2935.26, a citation only, rather than a custodial arrest, was permissible, and Anderson's detention was constitutionally authorized only long enough for Officer Banker to issue a citation. Anderson claims that Officer Banker's statements that he needed medical attention and was unable to provide for his own safety were objectively unreasonable given the circumstances surrounding his arrest. We agree.

{¶ 11} At the time Officer Banker placed Anderson under arrest, Anderson had already answered Officer Banker's questions in a polite and cooperative manner. Moreover, Anderson, who was only a mile and a half from his home, had already received medical attention at the scene. Although the medical personnel who had examined Anderson had suggested that Anderson be transported to the hospital for further examination, Officer Banker conceded that Anderson had a right to refuse that treatment. Officer Banker testified that Anderson's only obvious injury was a small red bump on his forehead. Officer Banker was not aware of the broken collarbone when he arrested Anderson or when he administered the sobriety tests at the station.

{¶ 12} Furthermore, Officer Banker made no effort to obtain any additional evaluation or treatment of Anderson after his arrest. Instead, Officer Banker admitted that he used R.C. 2935.26(A)(1) to his benefit to take Anderson to a more acceptable environment to perform the sobriety tests and to see whether there were grounds to charge him with DUI. Once Officer Banker had gathered this additional evidence, by way of the sobriety tests, he charged Anderson with DUI and released him.

{¶ 13} While the state has cited a series of cases concerning a police officer's authority to arrest an offender who is unable to provide for his own safety, we find those cases inapposite to the situation before us. In none of those cases did the police officers tacitly acknowledge that they had used the safety exception in R.C. 2935.26(A)(1) as an excuse to detain the defendant and to investigate further his commission of other offenses.

{¶ 14} Because the state failed to establish a valid exception to R.C. 2935.26(A), Anderson's arrest was unconstitutional, and the trial court erred by not sustaining Anderson's motion to suppress all the evidence obtained thereafter. We,

---

**3.** See id. at 325–326, 704 N.E.2d 259; see, also, *State v. Medlar* (1994), 93 Ohio App.3d 483, 491–492, 638 N.E.2d 1105.

therefore, sustain the first assignment of error. Our disposition of the first assignment of error has rendered moot Anderson's remaining assignments of error, in which he challenges the trial court's admission of the sobriety tests, the trial court's admission of his refusal to take a breathalyzer test, and the sufficiency of the evidence. We, therefore, reverse the trial court's judgment denying the motion to suppress and remand this cause for proceedings consistent with this decision and the law.

Judgment reversed
and cause remanded.

SUNDERMANN, P.J., DOAN and PAINTER, JJ., concur.