JOURNAL ENTRY AND OPINION
{¶ 1} The State of Ohio appeals the court's granting defendant-appellee Prentice Green's (Green) motion to suppress evidence. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} On October 14, 2005 at 11:55 p.m., Cleveland police officers Kevin Freeman (Detective Freeman) and Eugene Jones were executing a search warrant, based on suspected drug activity, at Benjamin's Lounge (Benjamin's). The officers observed men going back and forth between Benjamin's and a Chevy Lumina that was parked in the lot adjacent to Benjamin's. Detective Freeman walked to the vehicle to investigate and found Green sitting in the driver's seat, smoking a marijuana blunt. Detective Freeman told Green he would be issued a minor *Page 2 
misdemeanor citation and asked him for identification. However, Green was unable to produce proof of identification, and the officer told Green he would be arrested for drug possession rather than just issued a citation. After appellant stepped out of the car at the police's request, Detective Freeman noticed a black plastic bag in plain view on the floor of the vehicle. The bag contained 29 vials of marijuana.
 {¶ 3} On November 30, 2005, Green was indicted with drug trafficking in violation of R.C. 2925.03, a fourth-degree felony, and possessing criminal tools in violation of R.C. 2923.24, a fifth-degree felony, based on the vials of marijuana found in his vehicle. On May 10, 2006, the court held a hearing on Green's motion to suppress, which alleged that the warrantless search of his vehicle was unconstitutional. The court granted Green's motion, and the state appeals.
 II {¶ 4} In its sole assignment of error, the State of Ohio argues that "the trial court erred when it granted the defendant's motion to suppress because it failed to consider the `totality of the circumstances' surrounding the search of defendant's car." Specifically, the state argues that the police's initial approach and subsequent search of Green's vehicle were both reasonable.
 {¶ 5} "Appellate review of a trial court's ruling on a motion to suppress presents mixed questions of law and fact. An appellate court is to accept the trial court's factual findings unless they are clearly erroneous. We are therefore required to accept the factual determinations of a trial court if they are supported by *Page 3 
competent and credible evidence. The application of the law to those facts, however, is subject to de novo review." State v. Polk, Cuyahoga App. No. 84361, 2005-Ohio-774, at ¶ 2 (internal citations omitted).
 {¶ 6} Warrantless searches are presumptively unconstitutional. However, the state argues that the investigatory search exception to the rule against warrantless searches under Terry v. Ohio (1968), 392 U.S. 1
applies to the instant case. Under Terry, the police must be able to point to specific and articulable facts which, when taken together with the rational inferences from those facts, give rise to a reasonable belief that the person stopped is engaged in criminal activity. Id. The state further argues that the smell of marijuana alone can be probable cause for arrest. State v. Moore (2000), 90 Ohio St.3d 47. In addition, to determine whether probable cause existed, courts must look to the totality of the circumstances. Maumee v. Weisner (1999),87 Ohio St.3d 295.
 {¶ 7} Green, on the other hand, argues that R.C. 2935.26(A)(2) applies to the case at hand. R.C. 2935.26(A)(2) states that a law enforcement officer shall not arrest a person for the commission of a minor misdemeanor unless "[t]he offender cannot or will not offer satisfactory evidence of his identity."
 {¶ 8} In the instant case, the court granted Green's motion to suppress based on State v. Satterwhite (1997), 123 Ohio App.3d 322, in which the Sixth District Court of Appeals of Ohio held the following: *Page 4 
 "[W]here a person stopped for a minor misdemeanor furnished the police officer with his name and social security number, and that information is verified by computer, the person has offered satisfactory evidence of his identity. Although we have not required the police to go to extraordinary lengths to verify identification information, police officers cannot avail themselves of the exception to the citation only provision of R.C. 2935.26 by refusing to attempt to verify identification information if the means for doing so are readily available." (Citing State v. Terry (Feb. 28, 1997), Montgomery App. No. 15796.)
 {¶ 9} In the case at hand, it was not until after Green was taken into custody that he gave the police officers his social security number and they verified his identity. When initially asked for identification, Green stated his name and told the police he did not have formal identification with him. The police then told Green that because he failed to provide satisfactory identification, he was being arrested. Based on this evidence, the court found the following at the suppression hearing:
 "[B]ased on the fact that the police officers in this case had the opportunity to offer evidence — or the defendant had an opportunity to offer evidence of his identity before his arrest for the minor misdemeanor of smoking pot apparently in the car, the court finds there should have been only a citation issued here. There should not have been an arrest."
 {¶ 10} We agree with the trial court's application ofSatterwhite to the instant case. Detective Freeman testified at the suppression hearing as follows: "I just approached it from the driver's side. Once I got up to the car, I smelled a strong *Page 5 
smell of marijuana. * * * The first thing I did I smelled the strong odor of marijuana. Then I looked in. I seen him smoking." Additionally, when asked whether he was familiar with the smell of marijuana, Detective Freeman replied that he was, as a result of training courses in marijuana detection and participation in several hundred marijuana related arrests.
 {¶ 11} Green was smoking marijuana in plain view of the officer and he admitted to doing so. He should have been given the opportunity to properly identify himself, and, assuming arguendo he succeeded, Green should have been issued a minor misdemeanor citation. In other words, R.C. 2935.26(A)(2) is not triggered until a criminal defendant does something that operates as a failure to satisfactorily prove his or her identity. In the instant case, the police acted prematurely in determining that Green was unable or unwilling to offer evidence of his identity; therefore, the police acted prematurely in arresting Green and the resulting warrantless search was unconstitutional. The state's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 6 
 FRANK D. CELEBREZZE, JR., A.J., and MARY EILEEN KILBANE, J., CONCUR. *Page 1