# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 05, 2014

## STATE OF TENNESSEE v. DERISHON WADLINGTON

**Appeal from the Circuit Court for Obion County**
**No. CC13CR127     William B. Acree, Judge**

―――――――――――――

**No. W2013-02521-CCA-R3-CD  - Filed March 18, 2015**

―――――――――――――

Thomas T. Woodall, P.J., dissenting.

I respectfully dissent.  First, I disagree with the majority's conclusion that the trial judge determined that the officers lacked probable cause to arrest Defendant.  The majority quoted the trial court's ruling, which I interpret bases the decision on the fact that the officers took Defendant into custodial arrest in violation of a statute that mandated the issuance of a citation in lieu of custodial arrest.  The trial court's reasoning was that since custodial arrest was invalid, the resulting search was invalid, and thus all evidence found in Defendant's purse must be suppressed.

I generally agree with most of the majority's interpretation of the facts elicited at the suppression hearing, but I must set forth additional facts in the record which support my conclusion that the trial court's judgment must be affirmed.

Mr. Lowry, the Wal-Mart employee, merely introduced himself to Defendant.  She voluntarily accompanied him to her office at his request to complete some paperwork.  Implicit, if not explicit, in Mr. Lowry's testimony was that he had not detained Defendant within the ordinary usage of the term "detention," and it was absolutely explicit that he had not placed Defendant under a "citizen's arrest."

Not surprisingly, the trial court made a specific factual finding that "Mr. Lowry did not make a citizen arrest."  Mr. Lowry further testified, as noted by the trial court, that it was "Wal-Mart policy that if one refused to talk with him [Mr. Lowry] and left, he [Mr. Lowry] would call the police and not attempt to detain the person."  The evidence clearly supports the trial court's factual finding.  If Mr. Lowry would not have *attempted* to place Defendant in detention if she had suddenly walked away from his office, he obviously had not already placed her in detention.

Also, it appears to me that the State has waived this court's determination that the warrantless arrest of Defendant by the police officers is justified by Mr. Lowry making a citizen's arrest, or a "probable cause detention" pursuant to T.C.A. § 40-7-116, which is relied upon by the majority.

At the suppression hearing, the State argued that the case was *not* a citizen's arrest, and I submit this includes a citizen's "detention" based upon the T.C.A. § 40-7-116 definition of "probable cause," as shown in the following exchange:

THE COURT: And if I understand your [Prosecutor's] argument correctly - - and I'll hear from [Defense Counsel] in just a moment in rebuttal - - **you're arguing that this was not a citizen's arrest**, and under 40-7-118 (3) (a), the officer had the option of issuing a citation or arresting the person, but then they had to look at the nine factors set forth under that same statute and if one of those factors apply, they could arrest the person?

[The Prosecutor]: That is correct, Your Honor. That's what the statute says.

THE COURT: That's your argument?

[The Prosecutor]: Yes, sir.

(emphasis added).

In both the written motion to suppress and at the hearing on the motion in this case, Defendant argued that her arrest was illegal based on two theories: (1) that Defendant was unlawfully arrested without a warrant pursuant to T.C.A. § 40-7-103 and/or (2) that Defendant should have been issued a citation rather than being placed under custodial arrest pursuant to T.C.A. § 40-7-118.

The trial court's reliance on T.C.A. § 40-7-118 - "Use of citations in lieu of continued custody of an arrested person" - was misplaced. This statute does not become applicable unless and until: (1) a police officer has arrested someone for a misdemeanor **committed in the officer's presence** or (2) the officer takes custody of someone **arrested by "citizen's arrest"** for committing a misdemeanor. The proof at the suppression hearing, with the trial court's factual finding that there was not a citizen's arrest by Mr. Lowry, results in T.C.A. § 40-7-118 (and T.C.A. § 40-7-116) not even applying in this case, and the trial court erred

-2-

in relying on the language of § 40-7-118 to grant Defendant's motion to suppress. However, the correct result was reached because there was an illegal arrest under T.C.A. § 40-7-103 (a) - "Grounds for arrest by officer without warrant" - because the misdemeanor offense was not committed in the officers' presence. T.C.A. § 40-7-103(a) sets forth eleven situations where an officer can arrest a person without an arrest warrant. An arrest for misdemeanor theft or shoplifting not committed in the presence of the officer is not one of those situations. Officer Moran testified that neither he nor Officer Osborne witnessed the commission of the shoplifting offense. Accordingly, Defendant's arrest was unlawful. The law is settled that,

> If an individual is unlawfully placed under custodial arrest, a subsequent search is also unlawful and evidence seized as a result of the unlawful search is suppressed and not admissible in the prosecution's case in chief. *See Wong Sun v. United States*, 371 U.S. 471, 484-85 [1963]; *see also State v. Clark*, 844 S.W.2d 597, 600 (Tenn. 1992).

*State v. Walker*, 12 S.W.3d 460, 467 (Tenn. 2000).

It is correct that Officer Moran observed the marijuana in Defendant's purse when he placed Defendant's cash into the purse at Defendant's request and/or with her consent. However, Officer Moran would not have had possession of the purse, and Defendant would not have been handcuffed behind her back (as the testimony showed) and unable to place the money into the purse herself, except for being in custody as the result of an unlawful arrest. Accordingly, the State is not entitled to rely on "consent" or "plain view" to justify the searches of the purse because they were a direct result of the unlawful arrest. *Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963); *United States v. Richardson*, 949 F.2d 851, 858 (6th Cir. 1991).

Mr. Lowry could have made a citizen's arrest pursuant to T.C.A. § 40-7-116 (A merchant, merchant's employee, or agent or a peace officer who has probable cause to believe that a person has committed or is attempting to commit the offense of theft, as defined by § 39-14-103, may detain that person on or off the premises of the mercantile establishment if the detention is done for any or all of the listed purposes.). However, this was not done in this case. In any event, the precise language of T.C.A. § 40-7-116 does not exempt the application of T.C.A. § 40-7-103 that an officer is prohibited from making a warrantless arrest of a person who has committed a misdemeanor theft and the offense was not committed in the officer's presence. Statutes pertaining to criminal law must be strictly construed in favor of person charged with a crime. *State v. Odom*, 928 S.W.3d 18, 30 (1996). T.C.A. § 40-7-116(A)(3), relied upon by the majority, simply authorizes a merchant to detain a person when the merchant has probable cause to believe the person has committed a theft (felony or misdemeanor) for the purpose, as applicable in this case, of surrendering the

person to the custody of a "peace officer." The language of the statute presumably applies only to *lawful* custody. There is nothing in T.C.A. § 40-7-116 which repeals the provisions of T.C.A. § 40-7-103 which prohibit the warrantless arrest of Defendant in this case. Perhaps it should. That, however, is under the authority of the General Assembly and not this Court.

The State, therefore, is not entitled to relief in this appeal. The judgment of the trial court should be affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE