98 Cal.Rptr.2d 858 (2000)
82 Cal.App.4th 1279
The PEOPLE, Plaintiff and Respondent,
v.
Conrad Richard McKAY, Defendant and Appellant.
No. B137511.
Court of Appeal, Second District, Division Four.
August 11, 2000.
Review Granted November 15, 2000.
*859 Jonathan B. Steiner and Richard L. Fitzer, Los Angeles, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General and Thomas C. Hsieh, Deputy Attorney General, for Plaintiff and Respondent.
*860 EPSTEIN, J.
In this appeal, Conrad McKay challenges the denial of his motion to suppress evidence obtained in a search incident to an arrest for a non-felony violation of the Vehicle Code (all statutory references are to this code unless otherwise indicated). He claims the officer's decision to take him into custody was improperly based on his failure to provide evidence of identification, since he provided oral information which was readily verifiable. We find no abuse of discretion in the officer's decision, and affirm the judgment.

FACTUAL AND PROCEDURAL SUMMARY
At approximately 6 p.m. on June 19, 1999, Los Angeles County Sheriffs Deputy Valento observed appellant riding a bicycle in the wrong direction on a residential street. Deputy Valento initiated a traffic stop intending to issue a citation for this violation of section 21650.1. The deputy asked appellant for identification. Appellant gave his name and date of birth, but stated he did not have any written identification with him. Deputy Valento then took appellant into custody, in accordance with section 40302, based on his failure "to present his driver's license or other satisfactory evidence of his identity for examination."
During a search incident to the arrest, Deputy Valento recovered a clear cellophane baggie from appellant's sock. The baggie contained methamphetamine. The deputy placed appellant in the back of his patrol car. He then "ran" appellant's name and date of birth through a computer in the patrol car, and received an address consistent with the address appellant had given and a general description which matched appellant.
Appellant was charged by information with possession of methamphetamine, with allegations that he had suffered a prior serious or violent felony conviction and that he had served two prior prison terms. After his motion to suppress evidence was denied, appellant entered a guilty plea and admitted the prior conviction allegations. He was sentenced to the low term of 16 months, doubled to 32 months as a second strike. The court struck the prior prison term allegations. Appellant filed a timely notice of appeal from the trial court's denial of his motion to suppress.

DISCUSSION
Appellant claims that he provided satisfactory oral identification at the time of the traffic stop, and therefore the deputy had no authority to take him into custody pursuant to section 40302. For this reason, he claims the ensuing search was illegal and the fruits of that search should have been suppressed.[1] This is the same argument presented and rejected in People v. Monroe (1993) 12 Cal.App.4th 1174, 16 Cal.Rptr.2d 267. Appellant argues that Monroe was wrongly decided, and asks that we follow the dissent rather than the majority opinion in that case. We find no flaw in the reasoning of the majority, and affirm the judgment.
Both Monroe and our case are governed by section 40302, which sets out the circumstances under which a person cited for a non-felony Vehicle Code violation is to be taken into custody. Section 40302 provides: "Whenever any person is arrested for any violation of this code, not declared to be a felony, the arrested person shall be taken without unnecessary delay before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of the offense and is nearest or most accessible *861 with reference to the place where the arrest is made in any of the following cases: [¶] (a) When the person arrested fails to present his driver's license or other satisfactory evidence of his identity for examination. [¶] (b) When the person arrested refuses to give his written promise to appear in court. [¶] (c) When the person arrested demands an immediate appearance before a magistrate. [¶] (d) When the person arrested is charged with violating Section 23152."
The defendant in Monroe was a passenger in a vehicle. Officers stopped the car because Monroe's appearance seemed to match that of a homicide suspect believed to be in the area. When an officer walked up to the car he realized that Monroe was not the suspect, but the officer saw evidence of a violation of the open container law. Monroe did not produce written identification when the officer asked him for it. For that reason, the officer took him into custody under the authority of section 40302, subdivision (a). A subsequent search of the defendant turned up rock cocaine, and he was charged and convicted of possession for sale. His motion to suppress pursuant to Penal Code section 1538.5 was denied, and he appealed, claiming that section 40302 required the officer to give him an adequate opportunity to provide other evidence of his identity.
The Monroe court noted that section 40302 is part of a statutory scheme specifying the circumstances under which an officer either has the option to take a citee before a magistrate, or is required to do so. This scheme presumes that in the vast majority of cases involving minor criminal violations, especially traffic violations, the violator will not be taken into custody. (12 Cal.App.4th at p. 1184, 16 Cal.Rptr.2d 267; see also People v. Superior Court (1972) 7 Cal.3d 186, 199-200, 101 Cal.Rptr. 837, 496 P.2d 1205.)
"Given that the general purpose of the Vehicle Code arrest statutes is to avoid custodial arrest of most violators, reserving custody for serious offenders and those who are unlikely to comply with the citation procedure, it is clear the `satisfactory evidence' of identity standard must be interpreted to give the officer in the field sufficient flexibility to carry out that purpose in a variety of situations. [Citations.]" (People v. Monroe, supra, 12 Cal. App.4th at p. 1185, 16 Cal.Rptr.2d 267.) The officer retains some discretion to determine what evidence is "satisfactory" within the meaning of section 40302, but that discretion is not unlimited. "[P]roper interpretation of the phrase `satisfactory evidence of identity' requires an officer to accept as presumptively satisfactory any reliable documentary evidence of identity which bears the minimum amount of data required by the Vehicle Code licensing and citation statutes. The form of identification must bear a photograph and description of the person, their signature and a current mailing address, and must be current and serially or otherwise numbered. [Citations.] Such documentary evidence is the functional equivalent of a driver's license because it is of equivalent reliability, and because it bears the information necessary to the citation process. When presented with such proof, an officer must accept it as `satisfactory.'" (12 Cal. App.4th at p. 1187, 16 Cal.Rptr.2d 267.)
The Monroe court rejected defendant's argument that an officer also is required to accept verifiable oral assertions of identity as presumptively satisfactory. As the court explained, section 40302 requires that the evidence of identity be "presented" for "examination" by the officer. "A reasonable reading of the words implies that the evidence is capable of presentation and examination, acts which are ordinarily associated with tangible rather than oral evidence." (12 Cal.App.4th at p. 1187, 16 Cal.Rptr.2d 267.) While an officer is required to accept either a driver's license or its functional equivalent as satisfactory evidence of identity, "lacking that, the decision whether any other evidence of identity is satisfactory should be left to the *862 discretion of the officer in the field." (Id. at p. 1188, 16 Cal.Rptr.2d 267.)
The court also rejected the argument that the officer has a duty to make specific inquiries calculated to elicit satisfactory evidence of identification. "[T]he difficulty of anticipating what inquiries should be made prevents any workable judicial resolution of what is essentially a problem for the officer in the field. Once the officer has made some inquiry which puts the citee on notice that he or she has a duty to produce `evidence of his [or her] identity,' (§ 40302), we believe the officer has done all that is required by the statute." (People v. Monroe, supra, 12 Cal.App.4th at p. 1189, 16 Cal.Rptr.2d 267.) Because the defendant in Monroe failed to produce presumptively satisfactory evidence of identification, the court found no abuse of discretion in the officer's decision to take him into custody, and upheld the legality of the subsequent search.
Appellant recognizes that under the majority opinion in Monroe, the decision to take him into custody was within the officer's discretion once he failed to produce presumptively satisfactory evidence of identity. He urges us to reject that holding and follow the position of the dissenting justice. According to the dissent, satisfactory evidence under section 40302, subdivision (a) may be in oral or written form, and a citee must be given the opportunity to produce either or both. (People v. Monroe, supra, 12 Cal.App.4th at pp. 1200-1201, 16 Cal.Rptr.2d 267.) Before an officer can take a person into custody for failure to present "`[o]ther satisfactory evidence'" of identification, the dissenting justice would hold that the officer has a duty to question the citee in a manner which will elicit either written evidence of identity or oral evidence subject to verification. (Id. at p. 1200, 16 Cal.Rptr.2d 267.) Because the defendant in Monroe was taken into custody solely on the basis of his statement that he had no written identification, and he was given no opportunity to offer nondocumentary proof of identity, the dissent concluded the arrest was unlawful. (Id. at p. 1201, 16 Cal. Rptr.2d 267.)
While both the majority and dissenting opinions in Monroe recognize that oral evidence may be satisfactory, the dissent would go farther, requiring that the officer make specific inquiry calculated to elicit verifiable oral identification. We agree with the majority that the statute does not require such a particularized request; a general request for identification is sufficient. If a citee is unable to provide presumptively satisfactory evidence, the officer then has discretion to determine whether other evidence of identity which is provided is sufficient. (People v. Monroe, supra, 12 Cal.App.4th at pp. 1177-1178, 16 Cal.Rptr.2d 267.) Here, no documentary evidence of identification was offered. The officer acted within the scope of discretion given in the statute in refusing to accept an oral statement alone.
As with all discretionary decisions, there is the potential for abuse. An officer may not exercise this discretion in an improper, discriminatory manner. Where a citee believes the officer's decision as to the sufficiency of identification is based on invalid criteria such as race, religion or other classification unrelated to the purpose of the statute, the propriety of the decision to take the citee into custody may be challenged on that basis. (People v. Monroe, supra, 12 Cal.App.4th at p. 1192, 16 Cal.Rptr.2d 267.)
In this case, there is no showing of an abuse of discretion in the officer's decision to take appellant into custody in the absence of presumptively satisfactory evidence of identification.

DISPOSITION
The judgment is affirmed.
HASTINGS, J., concurs.
CHARLES S. VOGEL, P.J.:
I respectfully dissent.
*863 The majority hold that the search of appellant was valid based on his arrest pursuant to Vehicle Code section 40302.[1] They are persuaded that the issue of whether the officer was entitled to arrest appellant is resolved by the majority decision in People v. Monroe (1993) 12 Cal. App.4th 1174, 16 Cal.Rptr.2d 267. They find no flaw in its reasoning and fail to recognize the paradoxical consequences to its application here.
As the majority accurately recite, the arresting deputy sheriff observed appellant at 6 p.m. on June 19, 1999, riding a bicycle in the wrong direction on a residential public street. The deputy initiated a stop intending to issue appellant a citation for violation of section 21650.1.[2] Appellant stopped the bicycle. The deputy approached him and asked "if [appellant] had any identification on him." Appellant responded that "he didn't have any I.D. on him." However, appellant did tell the deputy his name and birthdate. At that point the deputy arrested appellant pursuant to section 40302. Appellant was handcuffed, searched, and placed in the back of the patrol car.
Before leaving the location where appellant had been arrested, the deputy accessed the computer in his patrol car and verified that appellant was, in fact, who he said he was. The information corresponded to the address appellant had given the deputy and to appellant's height, weight, and race. No citation for any vehicular offense was issued and the deputy dropped off the bicycle at the location that appellant had told him was his destination. Appellant remained in custody and was criminally charged based on the result of the search conducted after he was placed under arrest.
The problem with the application of section 40302 as a basis for arrest is that appellant was not required to have a motor vehicle license (or its functional equivalent). Therefore, the rationale of the Monroe court is irrelevant if not erroneous. The court in People v. Monroe, supra, 12 Cal.App.4th 1174, 1183, 16 Cal. Rptr.2d 267, observed that, "Though courts have considered the application of section 40302 in a variety of contexts, there has been no definitive interpretation of the phrase `satisfactory evidence of his identity,' nor any explanation of the procedure to be followed by an officer who seeks to obtain such evidence." The Monroe court proceeded to interpret the statute and concluded that a person detained for a traffic violation may not avoid arrest and cannot simply sign a promise to appear unless a driver's license or its functional equivalent is produced for examination. (Id. at p. 1188, 16 Cal.Rptr.2d 267.) Monroe further held that section 40302 only requires the deputy to inquire if the person detained has a driver's license or "some form of written identification which is its equivalent." (Id. at p. 1188, 16 Cal. Rptr.2d 267.) Any other inquiry is optional and may or may not be sufficient to allow the person detained to be cited and released on a promise to appear.
I respectfully suggest that Monroe fails both to consider the application of section 40302 to bicycle riders and pedestrians and to recognize the implication of its application to passengers in a car. Where is it written that anyone other than an operator of a motor vehicle is required to have on his person a driver's license? Where is the law that requires anyone who want to use the public streets to obtain an identification card issued by the Department of Motor Vehicles, optionally available pursuant to section 13000 et seq.? What requires one who is merely a passenger in a car to carry identification? There are no such requirements.
*864 Monroe went astray when it failed to consider certain provisions for statutory construction which it recites. "The words should be construed in context, and should be given such `interpretation as will promote rather than defeat the general purpose and policy of the law.' [Citation.] Where uncertainty exists, consideration should be given to the consequence that will flow from a particular interpretation; the result of the interpretation should be reasonable, and where several constructions are possible, that which leads to the more reasonable result should be adopted. [Citations.]" (Id. at p. 1184, 16 Cal. Rptr.2d 267.)
The obvious purpose of section 40302 is to avoid the inconvenience and intrusion of an arrest where only a minor traffic violation occurs. The Monroe court acknowledges that is the general understanding of the law. (Id. at pp. 1184-1185, 16 Cal. Rptr.2d 267.) Therefore, a less restricted application would impose a minimal duty to inquire if the person detained can provide other information of identity to avoid an arrest by having the officer issue a citation and the detainee execute a promise to appear. In other words, a less restricted application would lead to a more reasonable result.
The dissent in Monroe recognized that information of identity is easily verified. "In today's computer age the officer in the field has a host of readily available methods of verifying the identity of a person who does not happen to have written identification in his possession." (Id. at p. 1199, 16 Cal.Rptr.2d 267 [dis. opn. of Smith, Acting P.J.]; see also State v. Walker (Tenn.2000) 12 S.W.3d 460.) Certainly the facts here prove that is so. If the deputy had resorted to the computer in his patrol car before arresting and searching appellant, appellant would have been issued a citation and allowed to sign a promise to appear. If the deputy's inquiry otherwise provided information bearing on the probability of appellant's not appearing as promised, then the deputy could exercise his discretion to arrest appellant. That too would be reviewable, but against circumstances that would not depend on appellant having "official papers" for the deputy to examine.
A pinched interpretation of section 40302 is simply contrary to a free society's notion of individual liberty. As the United States Supreme Court put it, "[p]olice powers in many countries are exercised in ways that we would find intolerable and indeed violative of constitutional rights. To take only one example, a large number of nations do not share our belief in the freedom of movement and travel, requiring persons to carry identification cards at all times." (Foley v. Connelie (1978) 435 U.S. 291, 300, fn. 9, 98 S.Ct. 1067, 55 L.Ed.2d 287.)
The motion to suppress should have been granted.
NOTES
[1] Respondent argues appellant waived this claim by failing to file a memorandum of points and authorities in support of his motion to suppress, as required by Penal Code section 1538.5, subdivision (a)(2). The prosecutor did not raise this technical defect at the time of the hearing on the motion, and the trial court proceeded to hear and decide the motion on the merits. Under these circumstances, we find no waiver.
[1] All statutory references are to the Vehicle Code.
[2] "A bicycle operated on a roadway, or the shoulder of a highway, shall be operated in the same direction as vehicles are required to be driven upon the roadway." (§ 21650.1.)