# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 21, 2003

## STATE OF TENNESSEE  v.  MARK HOWARD RUSSELL

### Direct Appeal from the Criminal Court for Hamilton County
#### No. 238021      Rebecca J. Stern, Judge

---

### No. E2002-02098-CCA-R3-CD
#### August 11, 2003

---

Defendant, Mark Howard Russell, was indicted by the Hamilton County Grand Jury for the following misdemeanor offenses: possession of cocaine, possession of methamphetamine, possession of drug paraphernalia, and operation of a motor vehicle without properly operating stop lights. Defendant sought to suppress evidence seized by a police officer during a traffic stop. Following an evidentiary hearing, the trial court denied Defendant's motion to suppress evidence. Defendant subsequently entered guilty pleas to three of the four counts. Defendant did not plead guilty to possession of methamphetamine. The charge was dismissed because the laboratory report was negative for that substance. Defendant reserved the right to appeal, pursuant to Tennessee Rules of Criminal Procedure 37(b)(2), the issue of whether the warrantless search was constitutional. We conclude that Defendant's Fourth Amendment rights were not violated and affirm the judgments of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court Affirmed

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOE G. RILEY and JAMES CURWOOD WITT, JR., JJ., joined.

Ardena J. Garth, District Public Defender; Donna Robinson Miller, Assistant District Public Defender, for the appellant, Mark Howard Russell.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; William H. Cox III, District Attorney General; David Denny, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

At approximately 11:45 p.m. on May 25, 2001, Officer Mark Delaney of the Chattanooga Police Department observed Defendant driving with a taillight out. Officer Delaney testified at the hearing on the motion to suppress evidence that he knew Defendant and was familiar with Defendant's vehicle. He knew that Defendant lived approximately one and a half miles from

where he observed him. Officer Delaney testified that he knew that Defendant had been paroled four months earlier for burglary and robbery convictions. Officer Delaney also testified that the residential area in which he stopped Defendant had experienced a rash of thirty-five burglaries in the previous six months. Officer Delaney followed Defendant and ran a check on his license plate. Delaney stopped Defendant.

Delaney approached Defendant's vehicle and asked for his identification. Defendant produced his driver's license. Delaney asked Defendant to step out of his vehicle. Delaney then conducted a "pat down" search for weapons. Officer Delaney testified that he "felt what [he] believed to be a crack pipe in the defendant's rear pocket." The object was a round glass tube, three to four inches long, and open on both ends. Delaney testified that he had made approximately fifty arrests of persons who had crack pipes in their possession.

Delaney placed Defendant in custody. He then searched the back seat of his patrol car before placing Defendant inside. Delaney then searched the inside of Defendant's vehicle and did not find any other illegal substance or paraphernalia therein. Delaney testified that he "was initially going to issue [Defendant] a citation in lieu of arrest." However, when Delaney returned to his patrol car, he found "two large crack rocks and a small bag of white, yellowish white powder approximately six inches from where Mr. Russell was seated in the car." The substance tested positive for cocaine.

On cross-examination, Officer Delaney testified that he had no indication that Defendant was involved in the burglaries that had been occurring in that area. Delaney testified that his knowledge of Defendant's prior record gave him reason to fear for his safety. Delaney did not know whether or not Defendant was armed when he committed the prior offenses for which he was on parole. Officer Delaney had not heard any reports of any burglaries in that area on the night he stopped Defendant.

At the conclusion of the hearing, the trial court denied Defendant's motion to suppress evidence. The trial court found that the fact that Defendant's taillight was not working gave Officer Delaney "reasonable and articulable suspicion for the stop." The trial court further stated, "under the circumstances, being late at night, the officer was alone, he had knowledge of the defendant being on parole for burglaries and robbery that gave him the right to pat down and search for weapons." The trial court ruled that the pat down search and resulting seizure of the crack pipe was legitimate under the "plain feel" doctrine. The trial court also ruled that the drugs found in the backseat of Officer Delaney's car were admissible because they were not discovered during the search of Defendant's vehicle or during the "pat down" search.

After entering guilty pleas to three of the four charges against him, Defendant reserved two certified questions of law for review: (1) whether there were "sufficient, specific and articulable facts to support a reasonable suspicion that the defendant was armed;" and (2) whether Officer Delaney had a valid reason to arrest and search Defendant.

A trial court's findings of fact on a motion to suppress evidence are conclusive on appeal unless the evidence contained in the record preponderates against them. *State v. Ross*, 49 S.W.3d 833, 839 (Tenn. 2001). The trial court, as the trier of fact, is able to assess the credibility of the witnesses, determine the weight and value to be afforded the evidence, and resolve any conflicts in the evidence. *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). The prevailing party is entitled to the strongest legitimate view of the evidence and all reasonable inferences drawn therefrom. *State v. Hicks*, 55 S.W.3d 515, 521 (Tenn. 2001). However, this Court is not bound by the trial court's conclusions of law. The application of law to the facts is a question of law, which is reviewed *de novo* on appeal. *State v. Yeargan*, 958 S.W.2d 626, 629 (Tenn. 1997). The defendant has the burden of establishing that the evidence contained in the record preponderates against the findings of fact made by the trial court. *State v. Buck*, 670 S.W.2d 600, 610 (Tenn. 1984).

The Fourth Amendment to the United States Constitution and Article I, Section 7 of the Tennessee Constitution guarantee a person's right to be free from unreasonable searches and seizures. U.S. Const. amend. IV; Tenn. Const. art. I, § 7. A warrantless search is presumed unreasonable, and evidence discovered as a result of such a search is subject to suppression unless the State demonstrates by a preponderance of the evidence that the search was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement. *State v. Bartram*, 925 S.W.2d 227, 229-30 (Tenn. 1996).

One who challenges the reasonableness of a search and seizure, however, "must establish a reasonable expectation of privacy in the place searched or property seized. . . ." *State v. Brenda Hill*, No. 274, 1990 WL *111448 (Tenn. Crim. App., Knoxville, Aug. 7, 1990). One may relinquish his expectation of privacy in an object by abandoning the object, but the "abandonment of evidence must be truly voluntary and *not the result of police misconduct*." *Id.* at *2 (emphasis added). Thus, when a seizure of evidence is predicated upon the evidence being abandoned, it is necessary to inquire whether the abandonment was not the result of police misconduct.

It is clear that Officer Delaney's initial traffic stop of Defendant was proper. A police officer may make a traffic stop if he has probable cause to believe a traffic violation has occurred. *State v. Vineyard*, 958 S.W.2d 730, 734 (Tenn. 1997) (citing *Whren v. United States*, 517 U.S. 806, 809-10, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996)). Officer Delaney testified that he noticed a defective tail light, which is a traffic violation. *See* Tenn. Code Ann. § 55-9-402 (1997).

Defendant challenges the propriety of the "pat down" search Officer Delaney conducted after making the initial traffic stop. The Fourth Amendment permits a protective frisk where a law enforcement officer has reasonable suspicion that the suspect is armed. *State v. Simpson*, 968 S.W.2d 776, 780 (Tenn. 1998) (citing *Terry v. Ohio*, 392 U.S. 1, 27, 88 S. Ct. 1868, 1883, 20 L. Ed. 2d 889, 909 (1968)). In determining whether a police officer's reasonable suspicion is supported by specific and articulable facts, a court must consider the totality of the

circumstances. *Simpson*, 968 S.W.2d at 783. This inquiry includes, but is not limited to, such factors as the officer's objective observations, information obtained from other law enforcement agencies, information obtained from citizens, and the pattern of operation of certain offenders. *Id.*; *State v. Lawson*, 929 S.W.2d 406, 408 (Tenn. Crim. App. 1996).

Officer Delaney testified that he knew Defendant and recognized Defendant's vehicle. Delaney was aware that Defendant had recently been paroled for burglary and robbery convictions. Officer Delaney also testified that there had been no reports of any burglaries in the area on the night Defendant was arrested, nor had Officer Delaney received any information to be on the lookout for Defendant's vehicle.

Frisks have been deemed reasonable when the suspected crime typically involves the use of a weapon such as robbery, burglary, rape, assault with a weapon, homicide, and large scale narcotics trafficking. *State v. Winn*, 974 S.W.2d 700, 703 (Tenn. Crim. App. 1998). Officer Delaney had no reason to suspect that Defendant had committed a crime of that nature on the night that he stopped him. When the offense for which a suspect is stopped does not typically involve the use of a weapon, as is the case here, then "other circumstances" must be present. *Id.* at 704 (citing *Sibron v. New York*, 392 U.S. 40, 74, 88 S. Ct. 1889, 1907, 20 L. Ed. 2d 917 (1968) (Harlan, J., concurring)). "Other circumstances," which have previously been considered by this Court include:

> [A] characteristic bulge in the suspect's clothing; observation of an object in the pocket which might be a weapon; an otherwise inexplicable sudden movement toward a pocket or other place where a weapon could be concealed; an otherwise inexplicable failure to remove a hand from a pocket; backing away by the suspect under circumstances suggesting he was moving back to give himself time and space to draw a weapon; *awareness that the suspect had previously been engaged in serious criminal conduct*; awareness that the suspect had previously been armed; [and] discovery of a weapon in the suspect's possession. . . .

*Winn*, 974 S.W.2d at 704 (citations omitted) (emphasis added).

Officer Delaney had prior knowledge of Defendant and his past criminal behavior at the time of the stop and seizure. Although Officer Delaney testified that he did not know whether Defendant was armed during those prior burglaries and robberies, the nature of those offenses is such that they often involve the use of a weapon. We therefore conclude that the *Terry* frisk in this case was valid.

Where an officer who is conducting a valid *Terry* frisk for weapons feels something that the officer reasonably recognizes, without further searching, as contraband, the officer may seize the contraband without obtaining a search warrant. *Minnesota v. Dickerson*, 508 U.S. 366, 376-377, 113 S. Ct. 2130, 2137, 124 L. Ed. 2d 334 (1993). The Tennessee Supreme Court adopted

-4-

the "plain feel" doctrine in Tennessee in *State v. Bridges*, 963 S.W.2d 487 (Tenn. 1997). The nature of the object must be immediately apparent to the officer. The question before us is whether upon feeling the crack pipe, it was immediately apparent to Officer Delaney that the object was contraband.

*State v. Bridges* gives guidance as to when an officer's tactile perceptions give probable cause to believe an item is contraband prior to seizure:

> Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that the item may be contraband. Probable cause "does not demand any showing that such a belief be correct or more likely true than false." In determining whether probable cause exists, courts must consider the totality of the circumstances including the officer's testimony and factual knowledge based upon prior law enforcement experience. Courts should not surrender their common sense assessment of the sensory capacities of human touch to an officer's assertion that he or she "immediately knew" the nature of the object touched. The officer's subjective belief that the object is contraband is not sufficient unless it is objectively reasonable in light of all the circumstances known at the time of the search. An officer's testimony is a factor in determining the legality of a seizure under the plain feel doctrine, but it is not dispositive and does not end a court's inquiry.

963 S.W.2d at 494-95 (quoting *Texas v. Brown*, 460 U.S. 730, 742, 103 S. Ct. 1535, 1543, 75 L. Ed. 2d 502 (1983)) (citations omitted).

Officer Delaney testified that he had made approximately fifty previous arrests of individuals who had crack pipes in their possession. He testified that he was "fairly certain" that the object he felt was a crack pipe. Based upon Delaney's testimony and his prior experiences in law enforcement, we conclude that the evidence does not preponderate against the trial court's finding that the officer was justified in his belief that the object he felt in Defendant's back pocket was a crack pipe.

Upon finding the crack pipe in Defendant's pocket, Officer Delaney detained Defendant by placing him in handcuffs and putting him inside his patrol car. Officer Delaney then conducted a search of Defendant's vehicle incident to his arrest. Officer Delaney testified that upon finding no other contraband in Defendant's vehicle, he intended "to issue [Defendant] a citation in lieu of arrest." Upon returning to his patrol car, however, Officer Delaney found cocaine lying beside Defendant in the back seat.

Defendant argues that Officer Delaney was required by statute to cite Defendant for possession of drug paraphernalia and release him rather than effect a custodial arrest. Under Tennessee law, an officer who witnesses certain misdemeanors is required to cite and release the

offender rather than make a custodial arrest. Tenn. Code Ann. § 40-7-118(b) (1997 & Supp. 2002); *State v. Walker*, 12 S.W.3d 460 (Tenn. 2000). We need not determine the applicability of this statute in this case.

The State argues that the detention was reasonable in order to facilitate Officer Delaney's search of Defendant's vehicle. We agree. Upon finding the crack pipe in Defendant's pocket, Officer Delaney had probable cause to believe that cocaine was located in the defendant's vehicle. He was thereafter entitled to detain him and search his vehicle. *See Carroll v. United States*, 267 U.S. 132, 149, 45 S. Ct. 280, 283-84, 69 L. Ed. 543 (1925); *State v. Leveye*, 796 S.W.2d 948, 951 (Tenn. 1990). Officer Delaney placed Defendant inside his patrol car for the limited purpose of facilitating the search of Defendant's vehicle. While Officer Delaney was conducting the search, Defendant disposed of cocaine inside Officer Delaney's car. When Officer Delaney returned to his car, the cocaine was in his "plain view" and thus, subject to seizure.

## CONCLUSION
After a review of the record, the judgments of the trial court are affirmed.

_____
THOMAS T. WOODALL, JUDGE