IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
November 27, 2007 Session

## STATE OF TENNESSEE V. FRANK BENNIE JACKSON, JR.

**Appeal from the Criminal Court for Hamilton County**
**No. 260814     Rebecca Stern, Judge**

**No. E2006-02733-CCA-R3-CD - Filed March 25, 2008**

A Hamilton County grand jury indicted the defendant, Frank Bennie Jackson, Jr.,  for possession of cocaine for resale, driving without a license, and failure to stop at a traffic signal.  The defendant filed a motion to suppress alleging that the search of his vehicle incident to a custodial arrest was illegal because he should have received a citation in lieu of arrest for driving without a license and running a red light, both class C misdemeanors.  At the hearing on the motion to suppress, the trial court agreed and suppressed all evidence seized as a result of the search incident to arrest.  It is from this order that the state now appeals.  Following our review, we reverse the judgment of the trial court.

**Tenn. R. App. P.  3 Appeal as of Right;  Judgment of the Criminal Court is Reversed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Robert E. Cooper, Jr., Attorney General & Reporter; Cameron L. Hyder, Assistant Attorney General; William Cox, Jr., District Attorney General; and Boyd Patterson, Assistant District Attorney General, attorneys for appellant, State of Tennessee.

Ardena J. Garth, District Public Defender; Christian Coder and Donna Robinson Miller, Assistant District Public Defenders, attorneys for appellee, Frank Bennie Jackson, Jr.

**OPINION**

The facts of this case were presented at the evidentiary hearing and are not in dispute. Chattanooga Police Department Officer Jeff Thompson testified that he working as a patrolman on the evening of May 5, 2006, when he saw the defendant run a red light.  Officer Thompson testified that he executed a traffic stop.  When he asked the defendant for his driver's license or identification,

the defendant advised Officer Thompson that "he didn't have one." The defendant was charged with driving without a license and running a red light. Officer Thompson testified that he took the defendant into custody because he could not provide identification or his driver's license. A search of the defendant's vehicle incident to the arrest uncovered cocaine, leading to the indictment for an additional charge of possession of cocaine for resale.

The state argued at the evidentiary hearing that the officer was statutorily authorized to take the defendant into custody for driving without a license pursuant to Tennessee Code Annotated section 55-5-351. The defendant argued that the offenses of driving without a license and running a red light were offenses for which a citation should have issued in lieu of arrest pursuant to Tennessee Code Annotated sections 55-10-207 and 40-7-118, and that the state failed to present any evidence or argument regarding the existence of exigent circumstances to allow a custodial arrest pursuant to Tennessee Code Annotated section 40-7-118(c). The trial court ruled in favor of the defendant, simply stating "I agree with the defendant . . . motion to suppress sustained."

ANALYSIS

The trial court's findings of fact in a suppression hearing will be upheld on appeal unless the evidence preponderates against those findings. State v. Odom, 928 S.W.2d 18, 23 (Tenn.1996). Questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact. The party prevailing in the trial court is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence. Id. However, the application of the law to the trial court's findings of fact is a question of law subject to de novo review. State v. Yeargan, 958 S.W.2d 626, 629 (Tenn.1997).

As relied upon by the state in their argument, Tennessee Code Annotated section 55-50-351(a) provides, in pertinent part, that:

> Every licensee shall have such licensee's license in immediate possession at all times when operating a motor vehicle and shall display it upon demand of any officer or agent of the department or any police officer of the state, county or municipality . . . . [A]ny other law enforcement officer . . . has the right to demand the exhibition of the license of *any operator of a motor-driven cycle as described in § 55-8-101*, and effect the arrest of any person so found to be in violation of this section.

Tenn. Code Ann. § 55-50-351(a) (emphasis added). Thus, the state argued, Officer Thompson had the statutory right to arrest the defendant and the search of his vehicle incident to that arrest was legal. The defendant argued successfully at trial that the officer was required to issue him a citation in lieu of arrest pursuant to Tennessee Code Annotated section 40-7-118(b) which states, in pertinent part, that "[a] peace officer who has arrested a person for the commission of a misdemeanor committed in [his] presence . . . shall issue a citation to the arrested person to appear in court in lieu of the continued custody and taking of the arrested person before a magistrate." The state argues on appeal that Tenn. Code Ann. § 55-50-351(a) is a specific statute and that Tenn. Code Ann. § 40-

7-118 is a general statute; therefore, the direction of the specific statute should control. However, because we reverse the trial court's judgment on other grounds, we need not address the statutes' respective natures of general or specific. [1]

Tennessee Code Annotated section 55-10-207(a)(1) requires citations in lieu of arrest for certain violations of the motor vehicle statute, with certain exceptions not relevant to this case found in Tennessee Code Annotated section 55-10-207(f). Significant to our consideration, § 55-10-207(f) provides that its provisions "shall not supersede the provisions of § 40-7-118, nor shall they require the use of a traffic citation in lieu of arrest in any of the circumstances specified in § 4-7-118(c)." Tennessee Code Annotated section 40-17-118(c) lists certain exceptions to the general cite and release requirement of Tennessee Code Annotated section 40-17-118(b)(1). Specifically, § 40-7-118(c)(2) and (3) provide that "[n]o citation shall be issued under the provisions of [§ 40-7-118(b)(1)] if: . . . (2) [t]here is a reasonable likelihood that the offense would continue or resume . . . [or] (3) [t]he person arrested cannot or will not offer satisfactory evidence of identification."

In this case, if the defendant had received a citation, he would have continued to commit the offense of driving without a license. Furthermore, when asked for identification, the defendant advised the arresting officer that he did not have proper identification. Therefore, we conclude that the trial court erroneously found that the arresting officer in this case was required to issue a citation in lieu of arrest. Tenn. Code Ann. § 40-7-118(c)(2) & (3); see also State v. Walker, 12 S.W.3d 460 (Tenn. 2000). We further conclude that the custodial arrest and ensuing search of the defendant's vehicle incident to that arrest were legal. The judgment of the trial court is therefore reversed and the case is remanded for further proceedings consistent with this opinion.

CONCLUSION

The trial court erred in granting the defendant's motion to suppress based upon its finding that the custodial arrest and search incident to the arrest were illegal. Accordingly, the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

_____
D. KELLY THOMAS, JR., JUDGE

---

[1] Furthermore, although not necessary to the disposition of the issue before us, we note that the plain language of Tenn. Code Ann. § 55-50-351(a)'s arrest provision appears to apply only to motor driven cycles as defined by Tenn. Code Ann. § 55-8-101.