# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### January 22, 2015 Session

## STATE OF TENNESSEE v. MALIK HARDIN

**Appeal from the Criminal Court for Knox County**
**No. 101617A     Bob R. McGee, Judge**

─────────────────────────────

**No. E2014-00873-CCA-R3-CD – Filed June 12, 2015**

─────────────────────────────

D. KELLY THOMAS, JR., dissenting.

I respectfully disagree with the majority's conclusion that the Defendant's custodial arrest for criminal trespass was proper. The Defendant was arrested for criminal trespass based on the exception to the cite and release statute that allows for a custodial arrest for a misdemeanor when "[t]here is a reasonable likelihood that the offense would continue or resume . . . ." See Tenn. Code Ann. 40-7-118(c)(2). Because I do not believe that exception was properly applied in this case, I have concluded that the Defendant was subjected to a custodial arrest in violation of Tennessee Code Annotated 40-7-118(b)(1). Accordingly, I would not reach the Defendant's second issue challenging the legality of the search of his vehicle following his arrest.

I cannot agree with the trial court's "facile observation" that because the Defendant was actually on KCDC property at the time he was arrested, he would have literally been "continuing" to criminally trespass had a citation been issued. This reasoning in effect carves out an exception to the cite and release statute for defendants arrested for criminal trespass. Although it is not impossible to imagine a situation where police officers might arrest a trespasser after that person has left the prohibited property, this will seldom be the case. What is far more likely is that, as occurred in the present case, police officers will come into contact with a trespasser while that person is still on the property. To allow a full custodial arrest each time this occurs, based solely on the fact that the citation would have to be issued while still on the property, is at odds with the presumptive right to be cited and released for the misdemeanor of criminal trespass and the legislature's expressed policy in adopting such a rule.

The majority relies upon State v. Jackson, 313 S.W.3d 270, 273 (2008), to support its conclusion that the Defendant would, with "certainty," be continuing to trespass had he been issued a citation and released. However, in my mind, Jackson is distinguishable from the present case. The main difference between this case and Jackson lies in the nature of the misdemeanor offenses for which the respective defendants were arrested. In Jackson, the defendant was arrested for running a red light and driving without a license. Id. at 271.

Because he was the sole occupant of the car, there was indeed a certainty that as soon as he was released and got back in his car to drive away, the misdemeanor would continue or resume. That is not the case for the offense of criminal trespass. If a person is caught trespassing, he or she can be ordered to leave the premises. To say that a person who is issued a citation for criminal trespass, and has been told to leave the premises, would still be offending during his or her exit from the property, would ostensibly mean that during that exit, the person could be re-arrested for criminal trespass.

Relatedly, it bears mentioning that the cite and release statute actually delineates several misdemeanors for which an officer does have discretion to effect a custodial arrest rather than to issue a citation and release the misdemeanant. Those misdemeanors include: "the offense of theft which formerly constituted shoplifting"; issuance of bad checks; use of a revoked or suspended driver's license; assault or battery "if the officer believes there is a reasonable likelihood that persons would be endangered by the arrested person if a citation were issued"; or prostitution "if the arresting party has knowledge of past conduct . . . or has reasonable cause to believe that the [arrestee] will attempt to engage in prostitution activities within a reasonable period of time if not arrested." Tenn. Code Ann. § 40-7-118(b)(3)(A)-(E). The legislature chose to bestow discretion upon police officers who effect arrests for certain misdemeanors, and it chose not to include criminal trespass in that category.

Furthermore, it is clear that both the arresting officer and the trial court focused on the likelihood that, in the future, the Defendant would be motivated to return to KCDC property. The court noted that "there are activities going on there that they want to participate in. And there's no reason to suggest that those events or those activities would cease to exist. . . . [T]here was [sic] very good objective indications that the [D]efendant would continue to violate the law in this regard." The arresting officer testified similarly, stating that "[the Defendant] may leave for a moment, sir, but he still had the ability to return to the scene . . . ." From this, it is clear that the trial court assessed the officer's reliance on subsection (c)(2) with respect to the likelihood that the Defendant had "no impediment" to coming back onto KCDC property in the future. Of course, there will always be a possibility that a misdemeanant who is released from custody will re-offend at some future time.

Because I have concluded that the Defendant's custodial arrest for a misdemeanor was a violation of his right against unreasonable search and seizure, see Walker, 12 S.W.3d 460, 467 (Tenn. 2000), I would further conclude that the evidence obtained subsequent to the illegal arrest should have been excluded.

Based on the foregoing, I would reverse the judgment of the trial court and dismiss the charges against the Defendant.

_____
D. KELLY THOMAS, JR., JUDGE