JOURNAL ENTRY and OPINION
{¶ 1} The State of Ohio appeals the trial court's order that granted Thrice Polk's motion to suppress evidence. After the police searched Polk's home on January 18, 2003, he was charged with one count of possession of drugs in violation of R.C. 2941.141, one count of drug trafficking in violation of R.C. 2925.03 with a firearm specification, and one count of having a weapon while under a disability in violation of R.C. 2923.13. The State claims in three assignments of error that the trial court erred in determining the search was illegal. We reverse and remand.
 {¶ 2} The State's first assignment of error states: "The trial court erred when it held a hearing on a motion to suppress when a search warrant was obtained and there was no showing that misstatements were made knowingly, or with a reckless disregard for the truth contrary toFranks v. Delaware, 438 U.S. 154 (1978)." We will not address the State's first assignment of error since it is made moot by our ruling on its second assignment of error, which states: "The trial court erred when it found that the search warrant was overly broad when it described the place to be searched as a single-family unit rather than a multi-unit dwelling." Appellate review of a trial court's ruling on a motion to suppress presents mixed questions of law and fact. State v. McNamara
(1997), 124 Ohio App.3d 706, 710, 707 N.E.2d 539. An appellate court is to accept the trial court's factual findings unless they are clearly erroneous. State v. Long (1998), 127 Ohio App.3d 328, 332,713 N.E.2d 1. We are therefore required to accept the factual determinations of a trial court if they are supported by competent and credible evidence. State v. Harris (1994), 98 Ohio App.3d 543, 546,649 N.E.2d 7. The application of the law to those facts, however, is subject to de novo review. Id.
 {¶ 3} The trial court found that Polk's home was subdivided into a two-family house. Polk lived in the second-floor apartment and was not mentioned in the affidavit supporting the warrant. Near the front door, the first-floor unit was separated by a glass partition and a curtain from a hallway and stairs that led to Polk's second-floor apartment. The entrance to the downstairs unit was through an outside door at the back of the house. A second back door provided a back entrance to the second floor unit.
 {¶ 4} Police sought the search warrant as the result of an investigation that revealed suspected drug activity. Police Detective David Sims testified at the hearing that he saw heavy pedestrian traffic at the house and arranged for an undercover agent to conduct a controlled buy. The detective acknowledged he mistakenly believed the street number to be 1855 instead of 1853. The trial court ruled that this error reflected in the warrant was not a fatal flaw. But, it ruled that the warrant did not describe the house as a two-unit residence, and did not describe Polk's second-floor apartment as an area to be searched. In making its factual determinations, the trial court found that the house appeared to be a single-family home when viewed from the street. There was only one front door and one doorbell at the front of the house. The trial court further found that utilities for both the first-floor and second-floor units were charged on the same bill. Finally, the trial court found that, consistent with current practice, the police consulted the county's computer for further information on the house, but the computer was not functioning. The trial court ruled that the search was illegal because the police did not make reasonable efforts to determine the number of units in the house. We find that the trial court's factual determinations are supported by competent and credible evidence. But, we review de novo its legal determination that the police failed to make reasonable efforts to determine the number of units in the house. Statev. Harris at 546.
 {¶ 5} In Maryland v. Garrison (1987), 480 U.S. 79, 107 S.Ct. 1013,94 L.Ed.2d 72, the Supreme Court reversed the lower court's ruling that invalidated a search warrant issued to search the entire third floor of a building. It turned out the third floor was divided into two apartments. Id. at 80. The Court ruled that the search warrant was nevertheless valid because when "the police applied for the warrant and when they conducted the search pursuant to the warrant, they reasonably believed that there was only one apartment on the premises described in the warrant." Id. The Court recognized that if the police had known there were two separate dwelling units on the third floor, they would have been obligated to exclude the respondent's apartment from the scope of the search. Id. at 85. But, the constitutionality of the police's conduct must be judged "in light of the information available to them at the time they acted." Id. Likewise here, the reasonableness of the police's belief that 1853 East 70th Street was a single-family home must be judged in light of the information available to the police.
 {¶ 6} According to the trial court's findings, the information available to the police showed 1853 East 70th Street to be a single-family home. The house appeared to be a single-family home when viewed from the street. Utilities for both the first-floor and second-floor units were charged on the same bill, so even if police had checked the utilities, the information available would not have revealed a two-family home. And, although the county's computer system may have revealed the home as a multi-unit dwelling, the computer system was not functioning and, thus, was unavailable. We rule that based on information available to the police, their belief that 1853 East 70th Street was a single-family home was reasonable. The State's second assignment of error is sustained.
 {¶ 7} The State's third assignment of error challenges the trial court's ruling that the forced entry into the house was unreasonable. It states: "The trial court erred when it granted defendant's motion to suppress when it ruled that the state failed to meet it's burden in showing that the police did not have to knock and announce." We find that this assignment of error has merit.
 {¶ 8} Detective Sims testified at the hearing that he observed SWAT execute the warrant. He testified at page 55 of the transcript that he saw SWAT members open the screen door at the front of the house, knock on the main door, and announced themselves as SWAT attempting to gain entry. Detective Sims further testified that he heard two gun shots come from inside the home and heard two gun shots returning fire. Based on this testimony, the trial court concluded in its oral findings of fact at pages 107-108 of the transcript that the police did knock and announce themselves before gaining entry. The State's third assignment of error is sustained.
 {¶ 9} We reverse the trial court's order that granted Polk's motion to suppress and remand this case to the trial court for further proceedings consistent with this opinion.
Judgment reversed and remanded.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee its costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., Concurs.
 Calabrese, Jr., J., dissents with separate opinion.
 DISSENTING OPINION