JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant Brian Singleton (appellant) appeals the court's denying his motion to suppress evidence, arguing that "the police arrested him for driving under suspension without probable cause that he had committed that offense." After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} On July 15, 2005, appellant was driving north on East 55th Street in Cleveland, approaching Euclid Avenue. Two Cleveland police zone cars were directly behind appellant when appellant turned left into a gas station parking lot without activating his turn signal. The police officers followed appellant to conduct a routine traffic stop. Cleveland police officer Jeffrey Yasenchack (Officer Yasenchack), who was driving the zone car immediately behind appellant, approached appellant's vehicle and observed appellant take his hands off the steering wheel, reach down, and slump his shoulders. Officer Yasenchack yelled for appellant to show his hands, which appellant immediately did. Officer Yasenchack asked appellant for identification, and appellant produced a state identification card. Officer Yasenchack then asked appellant if he had a driver's license, and appellant said no.
 {¶ 3} At this time, Officer Yasenchack ordered appellant out of the car, placed him under arrest, and searched him. During the routine pat-down, Officer Yasenchack found two small bags of crack cocaine and one small paper fold *Page 4 
containing powder cocaine. After finding the drugs, Officer Yasenchack ran appellant's information through his mobile data terminal, which confirmed that appellant's driver's license was suspended.
 {¶ 4} The state charged appellant with two counts of drug possession, two counts of drug trafficking, and possession of criminal tools. On March 14, 2006, the court denied appellant's motion to suppress evidence. Appellant pled no contest to all charges. On May 16, 2007, the court sentenced appellant to three years in prison.
 II {¶ 5} In his sole assignment of error, appellant argues that "the trial court erred in concluding that the search of appellant's person was incident to a lawful arrest in that the warrantless arrest of the appellant was not supported by probable cause, the search was not justified under any other exception to the warrant requirement, and the search violated the appellant's rights under the Fourth andFourteenth Amendments to the United States Constitution and Article I, Section 14
of the Ohio Constitution and all evidence arising therefrom should have been suppressed."
 {¶ 6} "Appellate review of a trial court's ruling on a motion to suppress presents mixed questions of law and fact. An appellate court is to accept the trial court's factual findings unless they are clearly erroneous. We are, therefore, required to accept the factual determinations of a trial court if they are supported by *Page 5 
competent and credible evidence. The application of the law to those facts, however, is subject to de novo review." State v. Polk, Cuyahoga App. No. 84361, 2005-Ohio-774, at ¶ 2 (internal citations omitted).
 {¶ 7} Warrantless searches are presumptively unconstitutional, subject to four specific exceptions: 1) emergency situation; 2) search incident to an arrest; 3) hot pursuit; and 4) easily destroyed or removed evidence. State v. Kessler (1978), 53 Ohio St.2d 204; Katz v.United States (1967), 389 U.S. 347, 19 L.Ed.2d 576, 88 S.Ct. 507. In analyzing any of these four exceptions, courts look at whether the police had probable cause and whether the defendant created the exigent circumstances. See Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889.
 {¶ 8} In the instant case, appellant first argues that there was no probable cause because the police arrested him after determining that his license was suspended. Appellant notes that the traffic violation he was initially stopped for is a nonarrestable minor misdemeanor; on the other hand, driving with a suspended license is an arrestable first degree misdemeanor. Appellant further argues that, in the alternative, the police did not conduct a valid Terry frisk because there was no reason to fear for the officers' safety. Under Terry, the police must be able to point to specific and articulable facts which, when taken together with the rational inferences from those facts, give rise to a reasonable belief that the person stopped is engaged in criminal activity. *Page 6 
 {¶ 9} In response, the state argues that the officers were justified in the protective pat-down search of appellant because there was a reasonable suspicion that appellant may have been armed and dangerous based on his "furtive" movement of reaching down when Officer Yasenchack first approached his vehicle. The state does not present any argument on the "search incident to arrest" exception to the rule against warrantless searches.
 {¶ 10} The court's March 14, 2006 journal entry reads as follows: "Defendant's motion to suppress is denied. The search that occurred was incident to arrest and was valid." Additionally, the police report detailing the events reads as follows: "On 7-16-05 [sic] P.O. Jeffrey Yasenchack #2362 while in a marked ZC #314A observed [appellant] commit a traffic offense (change of course) at E. 55th St. 
Euclid Ave. turning into the Clark gas station. [Appellant] was found to be driving under suspension and placed under arrest for the same. Search of [appellant] and found to have two plastic bags cont. crack cocaine and powder cocaine found in his pants pocket."
 {¶ 11} We first analyze appellant's claim under the search incident to arrest exception. The essence of this analysis is whether appellant's producing a state identification card and answering no to the question, "Do you have a driver's license?" amounts to probable cause to arrest him for driving with a suspended license. *Page 7 
 {¶ 12} Police have probable cause to arrest a person when there is reasonable grounds to suspect that he or she is guilty of a criminal offense. "To have probable cause, the arresting officer must have sufficient information, derived from a reasonably trustworthy source, to warrant a prudent man in believing that [an offense] has been committed and that it has been committed by the accused." State v. Timson (1974),38 Ohio St.2d 122, 127. It is a question of law for a court to determine whether, given the facts known at the time of the arrest, the police had probable cause. See Beck v. Ohio (1964), 379 U.S. 89, 85 S.Ct. 223,13 L.Ed.2d 142.
 {¶ 13} In the instant case, Officer Yasenchack testified at the suppression hearing, and the following colloquy took place:
 "Q: What did you do next?
 A: I instructed [appellant] to roll down his window and I asked him to produce identification * * * at which time he handed me a State ID. I asked him if he had a driver's license and he said no.
 Q: Okay. Why did you ask him for identification?
 A: Just to identify who he was and if he had a valid driver's license to be driving.
 Q: So when the defendant did not produce a driver's license, what did you do?
 A: We instructed the male to get out of the car and we placed him under arrest handcuffing him." *Page 8 
 {¶ 14} In addition, the following testimony was elicited during Officer Yasenchack's cross-examination:
 "Q: Right. And you testified that you asked [appellant] for identification as you got to the car. Right?
 A: Correct.
 Q: And you said that he handed you a State ID. Correct?
 A: Correct.
 Q: And then you testified that you asked him if he had an Ohio driver's license and he said no. Correct?
 A: Correct.
 Q: And according to your testimony today I take it that was the extent of your discussion with him at that moment. Correct?
 A: Correct.
 Q: So as of that time you had not ascertained anything other than that he had a State ID and that he told you he did not have a driver's license. Correct?
 A: Correct."
 {¶ 15} Appellant argues that this testimony is inconsistent with the police report in that the police report makes no mention of a conversation with appellant regarding having a state identification card rather than a driver's license. A careful reading of the police report, however, shows no such inconsistency. The police report states that appellant was arrested for driving under suspension, without detailing the situation. Officer Yasenchack testified about the specific information that led him to *Page 9 
believe appellant was driving with a suspended license — namely, that appellant admitted he did not have a license. We view this admission as sufficient information, and appellant as a "reasonably trustworthy source," that appellant committed the arrestable offense.
 "The authority to search * * * incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon * * * the suspect. A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification."
New York v. Belton (1981), 453 U.S. 454, 461, 101 S.Ct. 2860, 2864,69 L.Ed.2d 768, 775, quoting United States v. Robinson (1973),414 U.S. 218, 235, 94 S.Ct. 467, 476, 38 L.Ed.2d 427, 440.
 {¶ 16} As appellant's search was incident to a lawful arrest, we need not address his remaining arguments regarding his motion to suppress. Accordingly, we find no error with the court's ruling, and appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution. The defendant's conviction having been *Page 10 
affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and MARY J. BOYLE, J., CONCUR. *Page 1