[Cite as *State v. Shabazz*, 2012-Ohio-3367.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97563

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DERRELL SHABAZZ

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-547132

**BEFORE:**  Blackmon, A.J., Jones, J., and Keough, J.

**RELEASED AND JOURNALIZED:**  July 26, 2012

-i-

**ATTORNEY FOR APPELLANT**

Tyresha Brown-O'Neal
323 Lakeside Avenue, Suite #420
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Alison Foy
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

{¶1}   Appellant Derrell Shabazz appeals the trial court's denial of his motion to suppress and assigns the following error for our review:

**I. The trial court erred in denying appellee's motion to suppress.**

{¶2}   Having reviewed the record and pertinent and law, we affirm the trial court's decision.   The apposite facts follow.

{¶3}   The Cuyahoga County Grand Jury indicted Shabazz for carrying a concealed weapon, improperly handling firearms in a motor vehicle, and having weapons under disability.   Subsequent to his not guilty plea, Shabazz moved to suppress the state's evidence and the trial court held a hearing on September 9, 2011.

## Suppression Hearing

{¶4}   At the hearing, Detective Ralph Valentino, formerly of the Cleveland Police Department's Narcotics and Gang Task Force, testified that in January 2011, a confidential informant ("CI") provided information about an individual who had several firearms for sale.   Detective Valentino subsequently discovered that the individual, Dejuan Walker, had an active warrant for attempted murder.

**{¶5}** Detective Valentino testified that with the aid of the CI, a controlled purchase of four firearms was scheduled to take place on January 14, 2011, in the vicinity of 5561 Chevrolet Boulevard in Cleveland, Ohio. On that date, Detective Valentino and his partner, Detective Bundy, met with the CI, who placed a monitored phone call to Walker to confirm the firearm sale. The agreement was for the CI to purchase four firearms for $1,000.

**{¶6}** Detective Valentino and his partner traveled to the appointed location, set up a surveillance, and waited for Walker to arrive. Moments later, Detective Valentino observed a white Range Rover sport utility vehicle, with two black males, pull into the parking lot and the CI contemporaneously receiving a phone call from Walker indicating that he had just arrived at the location.

**{¶7}** An individual fitting Walker's description exited the passenger side of the Range Rover and approached the rear entrance of the building where the CI was waiting. Once Walker entered the building, Detective Valentino maintained audio surveillance and overheard Walker telling the CI that the owner of the firearms was nervous about getting paid. The CI gave Walker the money and Walker indicated that the firearms were in another location, but would be at the present location in five minutes.

**{¶8}** Detective Valentino testified that the CI gave him the prearranged signal confirming Walker's identity. Walker exited the building, walked towards the passenger side of the vehicle, and Detective Valentino ordered the take-down unit to stop the vehicle. The take-down unit stopped Walker as he was about to enter the passenger

compartment, removed Shabazz, the driver of vehicle, and patted both men down, but found no weapons on their persons. Upon searching the vehicle, the officers recovered a loaded .40 caliber Springfield XD pistol under the driver's seat.

{¶9} Following the hearing, the trial court denied Shabazz's motion to suppress, he pleaded no contest to the charges, and the trial court found him guilty. On October 21, 2011, the trial court sentenced Shabazz to one year in jail. Shabazz now appeals the denial of his motion.

## Motion to Suppress

{¶10} In the sole assigned error, Shabazz argues the trial court erred in denying his motion to suppress.

{¶11} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Hunter*, 8th Dist. No. 97086, 2012-Ohio-2302, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. The reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982). The application of the law to those facts is subject to de novo review. *State v. Polk*, 8th Dist. No. 84361, 2005-Ohio-774, ¶ 2.

{¶12} In the instant case, Shabazz argues that the warrantless stop and his subsequent arrest were unlawful and in violation of his Fourth Amendment rights. Shabazz claims that there were no articulable facts to justify the initial stop of the vehicle because the police did not observe him involved in any criminal activity, thus the

evidence should have been suppressed. However, Shabazz drove the car that brought Walker to the area to sell weapons to the CI. The officers arrested Walker on the outstanding warrant and detained Shabazz because he drove the car that allegedly had the weapons.

{¶13} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). One of the exceptions to the warrant requirement is a search incident to a lawful arrest, "which allows officers to conduct a search that includes an arrestee's person and the area within the arrestee's immediate control." *State v. Smith*, 124 Ohio St.3d 163, 2009-Ohio-6426, 920 N.E.2d 949, ¶ 11, citing *Chimel v. California*, 395 U.S. 752, 762–763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

{¶14} "The exception derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations." *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 1716, 173 L.Ed.2d 485 (2009). In *Arizona v. Gant*, the court held that an officer may search a vehicle incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search or when it is reasonable to believe that the vehicle contains evidence relevant to the offense of arrest. *Id.*

{¶15} Applying the above standard to the facts of the present case, we find the investigatory stop and search of the vehicle were lawful. The testimony at the

suppression hearing established that Detective Valentino received a tip from a CI that Walker, who the police later discovered had an active warrant for attempted murder, had firearms for sale. A controlled firearm purchase was arranged and executed under visual and audio surveillance. After the CI handed over the prerecorded purchase money, Walker indicated that the firearms would be there in five minutes, proceeded to return to the vehicle driven by Shabazz, and was stopped by the take-down unit as he was entering the vehicle.

{¶16} Here, given that the money for the controlled firearm purchase had just been handed over to Walker, who had an outstanding warrant for attempted murder, and who indicated to the CI that he would have the firearms in five minutes, it was reasonable for the police to believe that the firearms were located in the Range Rover.

{¶17} Accordingly, we overrule Shabazz's sole assigned error.

{¶18} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR