[Cite as *State v. Smith*, 2012-Ohio-4292.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98111**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## THOMAS SMITH, SR.

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-548487

**BEFORE:** Sweeney, P.J., S. Gallagher, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 20, 2012

**ATTORNEYS   FOR  APPELLANT**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: James Hofelich, Esq.
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Mary Jo Tipping, Esq.
Mark B. Marein, Esq.
Marein & Bradley
222 Leader Building
526 Superior Avenue
Cleveland, Ohio 44114

JAMES J. SWEENEY, P.J.:

**{¶1}** The State of Ohio ("the State") appeals the court's granting defendant-appellee Thomas Smith, Sr.'s ("defendant") motion to suppress evidence in this case involving drug-related offenses. After reviewing the facts of the case and pertinent law, we affirm.

**{¶2}** On March 18, 2011, defendant was arrested for his involvement in trafficking heroin and other associated offenses. On March 7, 2012, the court held a suppression hearing, and on March 16, 2012, the court granted defendant's motion to suppress the evidence against him.

**{¶3}** The State appeals and raises one assignment of error for our review.

I.

The trial court erred in granting appellee's motion because the contraband was detected during a lawful pat-down and was immediately apparent to the officer to be heroin bundles.

> Appellate review of a trial court's ruling on a motion to suppress presents mixed questions of law and fact. An appellate court is to accept the trial court's factual findings unless they are clearly erroneous. We are therefore required to accept the factual determinations of a trial court if they are supported by competent and credible evidence. The application of the law to those facts, however, is subject to de novo review.

*State v. Polk*, 8th Dist. No. 84361, 2005-Ohio-774, ¶ 2.

**{¶4}** Warrantless searches are presumptively unconstitutional subject to a limited number of exceptions, one of which is the stop and frisk investigatory search under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Under *Terry*, a police officer

may pat down a detained suspect to reasonably search for weapons. *Id.* A *Terry* frisk is limited in scope and designed to protect law enforcement agents. *State v. Evans*, 67 Ohio St.3d 405, 618 N.E.2d 162 (1993).

{¶5} The United States Supreme Court expanded *Terry* to include discovery of contraband other than weapons under the "plain feel" doctrine, "[i]f a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent * * *." *Minnesota v. Dickerson*, 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed. 2d 334 (1993).

{¶6} In the instant case, Cuyahoga Metropolitan Housing Authority ("CMHA") Detective Clinton T. Ovalle testified that he had over 20 years experience as a police officer and has been a narcotics investigator for the past seven years. He estimated that he has made between 1,500 and 2,000 drug arrests in his career. Det. Ovalle testified that one particular way heroin can be packaged for sale is in small packets of blue wax paper called "bindles," which are rubberbanded together in groups of ten and referred to as "bundles."

{¶7} Det. Ovalle received information from a confidential informant ("the CI") that defendant was trafficking heroin at 10955 Shaker Blvd. in Cleveland. Det. Ovalle and three other CMHA officers met with the CI on March 18, 2011, at approximately 8:00 p.m., which, according to the CI, was when the tenant of the property typically arrived home from work and waited for defendant. By 9:00 p.m., surveillance was set up, and the tenant and defendant were inside the residence. At approximately 11:30

p.m., defendant left the building drinking from a red cup, threw the cup to the ground, and got into his car. Det. Ovalle approached defendant and "could smell alcohol coming from him." The officers asked defendant to exit the vehicle so they could speak with him. According to Det. Ovalle, defendant was nervous, and he "continued to feel the left side of his coat pocket." Det. Ovalle conducted a pat-down search of defendant, and "[i]n the left coat pocket I could feel from my experience to be three bindles" of heroin.

{¶8} Det. Ovalle explained that from his experience in narcotics and drug arrests, the objects "were squared and rectangular." Asked what it was, defendant replied that it was money. Det. Ovalle believed that defendant was lying, so he "reached inside the pocket and recovered three bindles of heroin." The officer explained that "[t]here were three packs with ten bindles, ten envelopes of wax paper rubberband[ed] together making approximating three bundles."

{¶9} Ultimately, 303 packets, or bindles, of heroin were recovered on the night in question. After the initial drugs were found in defendant's coat pocket, Det. Ovalle conducted what he thought was a thorough pat-down of defendant to search for weapons, arrested and handcuffed defendant, and placed him in the rear of the police vehicle. A short time later, defendant was observed sitting in the back of the police car kicking the remaining 273 bindles of heroin under the front passenger seat.

{¶10} On April 5, 2011, defendant was indicted for drug trafficking, drug possession, tampering with evidence, and possessing criminal tools. On March 16, 2012, after a hearing, the court granted defendant's motion to suppress. The court found

that Det. Ovalle's pat-down of defendant was justified given the totality of the circumstances, including the high drug activity location and the information provided by the CI. The court stated in its journal entry and opinion, "[t]he question then, is upon determining that the Defendant had no weapon did the search have to cease."

{¶11} The court found Det. Ovalle's testimony to be "the difficult issue" in the case at hand, ultimately concluding that he lacked credibility. "At a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact." *State v. Mills*, 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1991). The court made the following findings:

> The officer did not recall the kind of coat being worn by the Defendant and the date of the incident, March 18, 2011, could require anything from a light spring jacket with little or noinsulation in the pocket to a winter parka with a great deal of padding. It is further confounding that the officer did not appreciate a much larger package or amount of heroin bindles that were later discovered on the floor of the police cruiser. The exhibit presented contained 303 bindles and even if they had been packaged at the time of the stop, would have comprised 30 bundles of heroin.

{¶12} The court concluded that, once it became clear that defendant had no weapon, the search should have stopped under *Terry*. *See State v. Clay*, 8th Dist. No. 91942, 2009-Ohio-2725 ("although the trial court could have concluded that it was immediately apparent to Det. Mitchell that Clay had marijuana in his jacket pocket, it did not * * * and we will not reverse its decision on the facts before us").

{¶13} Upon review, the trial court did not err in granting defendant's motion to suppress the evidence, and the State's sole assignment of error is overruled.

{¶14} Judgment affirmed.

It is ordered that appellee recover of appellant his costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.    Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN JUDGMENT ONLY